PEOPLE v GARRETT

Docket No. 88208. Submitted May 5, 1987, at Grand Rapids. Decided
   July 20, 1987. Leave to appeal applied for.

   Curtis Garrett was convicted of armed robbery and felony-fire-
   arm, Calhoun Circuit Court, Paul Nicolich, J. Defendant ap-
   pealed, alleging that the court's refusal to instruct on unarmed
   robbery requires reversal.

   The Court of Appeals *held:*

   1. The trial court erred in refusing to instruct on unarmed
   robbery, since it is a necessarily lesser included offense of
   armed robbery.

   2. The proper remedy where a defendant has been convicted
   of armed robbery after being denied a jury instruction on
   unarmed robbery is to reverse the armed robbery conviction
   and remand with instructions to enter a judgment of conviction
   of unarmed robbery and to resentence the defendant and with
   the further instruction that the prosecutor may, in his discre-
   tion, upon notice to the trial court prior to resentencing, have
   the trial court vacate the judgment of conviction and retry
   defendant on the armed robbery charge. Where the defendant
   was also convicted of felony-firearm, that conviction need not
   be disturbed unless the prosecutor elects to retry defendant, in
   which case defendant should be retried on the felony-firearm
   charge also.

   Reversed and remanded.

1. Criminal Law — Jury Instructions — Lesser Included Offen-
   ses.

   A trial court must instruct on a necessarily lesser included
   offense when requested to do so, even where the evidence shows
   a completed offense; failure to do so is error requiring reversal;
   a necessarily lesser included offense is one which must be
   committed as part of the greater offense.

References
Am Jur 2d, Robbery § 72.
Lesser-related state offense instructions: modern status. 50 ALR4th
   1081.

2. Robbery — Armed Robbery — Unarmed Robbery.

Unarmed robbery is a necessarily lesser included offense of armed robbery.

3. Robbery — Lesser Included Offenses — Remedies — Appeal — Felony-Firearm.

The proper remedy where a defendant has been convicted of armed robbery after being denied a jury instruction on unarmed robbery is to reverse the armed robbery conviction and remand with instructions to enter a judgment of conviction of unarmed robbery and to resentence the defendant and with the further instruction that the prosecutor may, in his discretion, upon notice to the trial court prior to resentencing, have the trial court vacate the judgment of conviction and retry defendant on the armed robbery charge; where the defendant was also convicted of felony-firearm, that conviction need not be disturbed unless the prosecutor elects to retry defendant, in which case defendant should be retried on the felony-firearm charge also.

4. Criminal Law — Felony-Firearm — Operability of Firearm.

Operability of a firearm is not an element of the offense of felony-firearm (MCL 750.227b; MSA 28.424[2]).

State Appellate Defender (by *Norris J. Thomas, Jr.* and *Anne Yantus*), for defendant on appeal.

Before: Cynar, P.J., and Sawyer and J. S. Thorburn,* JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and the possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to a term of from three to fifteen years imprisonment for the armed robbery conviction plus a two-year consecutive sentence for the felony-firearm conviction. Defendant now appeals his conviction as of right. He raises a number of issues, one of which merits reversal.

After the close of proofs but prior to final argu-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ments, defense counsel requested the court to instruct the jury on the lesser-included offense of unarmed robbery. The court denied this request, finding that the evidence indicated a weapon had been seen and used. The court did charge the jury on the lesser included offense of larceny from a person. On appeal, defendant now contends that the trial court's refusal to instruct the jury on unarmed robbery was error requiring reversal since it denied him his right to a fair trial.

It is well established that a trial court must instruct upon a necessarily lesser included offense when requested to do so, even though the evidence showed a completed offense. This is known as the automatic instruction rule. Failure to do so is error requiring reversal. *People v Kamin,* 405 Mich 482, 493; 275 NW2d 777 (1979); *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975); *People v Chamblis,* 395 Mich 408, 415-419; 236 NW2d 473 (1975), reh den 396 Mich 976 (1976), overruled in part on other grounds in *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982). A necessarily lesser included offense is one which must be committed as part of the greater offense, i.e., it is impossible to commit the greater without first having committed the lesser. *Ora Jones, supra.*

The reason for the automatic instruction rule is that the denial of a proper request for instructions on lesser included offenses exposes a defendant to possible conviction on a charged offense simply because a jury may be reluctant to acquit a person who is really guilty only of a lesser crime. Conversely, such a denial of a requested instruction increases the possibility that a person guilty of a lesser crime may be acquitted. *Kamin, supra,* p 495. Moreover, the jury is the sole judge of all facts presented and may choose to believe or disbe-

lieve any or all evidence, whether logical or not. *Chamblis, supra,* pp 420-421.

We find, then, in light of the clear mandate of the automatic instruction rule, the dispositive question in the present case is whether unarmed robbery is a necessarily lesser included offense of armed robbery. That question was answered in the affirmative by the *Chamblis* Court:

> Unarmed robbery is a lesser included offense of armed robbery. It is armed robbery *absent* the element of use of a weapon. If there is evidence to allow the case to go to the jury on the higher armed robbery offense, there must necessarily be evidence adduced at trial to support a charge of unarmed robbery. [395 Mich 424. Emphasis in original.]

Accordingly, it is necessary to reverse defendant's conviction for armed robbery. However, it is not necessary to order a new trial. Rather, consistent with the long-standing practice of this Court and the Supreme Court, the trial court is directed to enter a judgment of conviction for unarmed robbery and to resentence defendant accordingly. In the alternative, the prosecutor may, in his discretion, upon notice to the trial court prior to resentencing, have the trial court vacate the judgment of conviction and retry defendant on the armed robbery charge. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975). See also *People v Rogers,* 411 Mich 202; 305 NW2d 857 (1981), *Kamin, supra, People v Goliday,* 153 Mich App 29; 394 NW2d 476 (1986), *People v Shelton,* 138 Mich App 510; 360 NW2d 234 (1984), and *People v Hunter,* 77 Mich App 759; 259 NW2d 216 (1977).

Somewhat more problematic is what to do about defendant's felony-firearm conviction. The Supreme Court has held that it is not necessary to obtain a conviction on the underlying felony in

order to obtain a conviction on felony-firearm. *People v Lewis,* 415 Mich 443; 330 NW2d 16 (1982). With this in mind, we conclude that our reduction of defendant's conviction from armed to unarmed robbery does not necessitate vacating defendant's felony-firearm conviction. The jury found that defendant did commit a felony and we have not disturbed that basic finding. However, if the prosecution chooses to retry defendant, it does so at the risk that the new jury will conclude that no felony at all was committed. Accordingly, we believe the best practice is that, if the prosecutor chooses to retry defendant on the armed robbery charge, defendant shall also be retried on the felony-firearm conviction. Otherwise, defendant's conviction and sentence on the felony-firearm charge is affirmed.

Our resolution of this issue renders it unnecessary to consider defendant's remaining issues, with three exceptions. First, defendant argues that the trial court erred in instructing the jury that the gun need not be operable to convict on the felony-firearm count. We note a conflict in this Court. Compare *People v Poindexter,* 138 Mich App 322; 361 NW2d 346 (1984), and *People v Ray,* 119 Mich App 724; 326 NW2d 622 (1982). We choose to follow the majority of panels of this Court and hold that the firearm need not be operable in order to convict. *Poindexter, supra.*

We have also considered defendant's arguments that the trial court should have sua sponte investigated further a juror who indicated he was a teetotaler and, if necessary, dismiss him for cause and the argument that defendant was denied effective assistance of counsel. Both are without merit and neither merits discussion.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.