PEOPLE v DePLANCHE

Docket No. 113329. Submitted March 8, 1990, at Grand Rapids. Decided May 8, 1990.

Roger DePlanche was convicted by a jury of first-degree criminal sexual conduct for allegedly engaging in sexual penetration of a child less than thirteen years old, Calhoun Circuit Court, Stephen B. Miller, J. Evidence at trial included the hearsay testimony of a pediatrician who related the victim's statement that defendant had subjected her to sexual abuse some six months prior to the pediatrician's examination. Defendant appealed, claiming that the pediatrician's testimony was not properly admissible under the medical treatment exception to the hearsay rule, and that he was denied a fair trial because the trial court refused to excuse certain jurors whom defendant had challenged for cause on the basis that those jurors had been members of a jury panel which heard a similar case of criminal sexual conduct one week prior to defendant's trial.

The Court of Appeals *held:*

1. MRE 803(4) provides that statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment are not excluded by the hearsay rule. Statements identifying an alleged child sexual abuser are not admissible under this exception because the identity of such assailant cannot be characterized as the "general cause" of an injury. Defendant's conviction must be reversed and the case remanded for a new trial in which the challenged hearsay testimony shall not be admitted.

2. Defendant was not denied his right to an impartial jury in view of his failure to peremptorily challenge those jurors he claimed to be impartial. Moreover, at the conclusion of jury

REFERENCES

Am Jur 2d, Evidence §§ 683, 685, 686; Infants § 17.5.

Admissibility of physicians's testimony as to patient's statement or declarations, other than res gestae, during medical examination. 37 ALR3d 778.

selection, defense counsel expressly stated that he was satisfied with the jury as empaneled.

Reversed and remanded for a new trial.

EVIDENCE — SEXUAL ABUSE — CHILDREN — HEARSAY — MEDICAL TREATMENT EXCEPTION.

Hearsay testimony relating a child sexual abuse victim's statements by which the victim, in the course of examination by a physician, identified the assailant is not admissible under the medical treatment exception to the hearsay rule (MRE 803[4]).

*Frank J. Kelley,* Attorney General, *Conrad J. Sindt,* Prosecuting Attorney, and *Ronald S. Pichlik,* Assistant Prosecuting Attorney, for the people.

*Lannen & Trusock* (by *Patrick J. Lannen*), for defendant on appeal.

Before: SHEPHERD, P.J., and SULLIVAN and NEFF, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct for engaging in sexual penetration of his daughter when she was less than thirteen years old, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). Defendant was sentenced to six to fifteen years of imprisonment. Defendant now appeals as of right, and we reverse.

I

At trial, the prosecutor presented the testimony of Dr. David Hickok, a pediatrician, who examined the child approximately six months after the alleged incident. Dr. Hickok gave the child a complete physical examination which revealed several symptoms indicative of sexual penetration.

Dr. Hickok testified that, as part of the examination, the patient's history was also taken. In this case, the history was taken before the physical

examination by the doctor's assistant, Patty Mc-
Nees, who is a nurse with extensive training in
interviewing children. The child was interviewed
by McNees for thirty to forty minutes while Dr.
Hickok was in another room monitoring the inter-
view on closed-circuit television.

Dr. Hickok testified that the interview was con-
ducted to determine what the child had experi-
enced. He also stated that there is a psychological
component to treatment in that, if positive indica-
tions of sexual abuse are found, he refers the child
for counseling and psychological evaluation. He
said that it is important for the treating physician
to know who the perpetrator was so as to be able
to formulate a treatment plan including placement
of the child in a safe place.

Over defense objections, Dr. Hickok testified
that, during the interview, the child was asked
who had given her "bad touches," and she re-
sponded that defendant had. The doctor also testi-
fied that, according to McNees' written summary
of the interview, the child had stated that defen-
dant had put his finger and his penis in her
"private spot" and that he had put Vaseline in her
anal opening.

II

Defendant first contends that the trial court
committed error requiring reversal when it per-
mitted Dr. Hickok to testify to statements made by
the child regarding the identity of the perpetrator
because the statements were not taken for the
purpose of medical treatment or diagnosis and
were, thus, inadmissible hearsay. We agree.

In a recent Michigan Supreme Court decision, a
defendant convicted of first-degree criminal sexual
conduct challenged the trial court's admission of

testimony in which an examining psychologist testified that her patient, the fourteen-year-old victim in the case, had identified the defendant as the person who had sexually abused her. *People v LaLone,* 432 Mich 103, 108-109; 437 NW2d 611 (1989). Our Supreme Court held that the hearsay testimony did not fall within either the literal or intended purpose of MRE 803(4) and, therefore, was erroneously admitted. *LaLone, supra,* p 116. The Court reversed the defendant's conviction and remanded for a new trial in which the challenged testimony could not be admitted. *LaLone, supra,* p 117.

In affirming a defendant's conviction, a panel of this Court in *People v Meeboer (On Remand),* 181 Mich App 365; 449 NW2d 124 (1989), distinguished its case from *LaLone* on four grounds. First, the panel noted that *LaLone* involved hearsay statements to a psychologist, and not to a medical physician as in *Meeboer. Meeboer, supra,* p 371. Second, the statements in *LaLone* were made in conjunction with psychological evaluation, while those in *Meeboer* were made in connection with medical care and treatment. *Meeboer, supra.* Third, in *LaLone,* our Supreme Court questioned whether the identity of the perpetrator was reasonably necessary for the psychological evaluation. In *Meeboer,* the Court stated that, in a case of rape, the identity of the perpetrator is necessary for medical treatment and care. *Meeboer, supra,* p 372.

The panel in *Meeboer* also concluded that the victim's statement in that case was reliable. In distinguishing its case from *LaLone,* the Court stated that, while our Supreme Court in *LaLone* doubted the reliability of the victim's statement to the psychologist, the Court recognized that state-

ments made by patients to their physicians are inherently reliable. *Meeboer, supra,* p 372.

In *People v Conn (On Remand),* 182 Mich App 13; 451 NW2d 555 (1990), this Court also considered the admissibility of a sexual abuse victim's statements to an attending medical physician where the defendant was identified as the assailant. The *Conn* panel distinguished its case from *LaLone* on two bases. First, the statement in *Conn* was made to a physician rather than to a psychologist. The panel stated, however, that, because the victim in *Conn* was a seven-year-old child, the psychologist/physician distinction for purposes of reliability was irrelevant. Second, the statement in *LaLone,* unlike that in *Conn,* was made after the accusations had been brought and the investigation had begun. *Conn, supra,* p 15. The *Conn* panel opined that the timing of the statement was not a dispositive factor in *LaLone,* however, and also concluded that the reasoning in *LaLone* regarding the giving of consistent statements is less applicable when dealing with a seven-year-old victim, as in *Conn.* The *Conn* panel concluded that, despite those two distinctions, *LaLone* compelled reversal of the defendant's conviction. *Conn, supra,* p 16.

III

We believe that *LaLone* also compels the reversal of defendant's conviction in this case. The exception to the hearsay rule at issue here is contained in MRE 803(4), and provides that the following are not excluded by the hearsay rule:

> *Statements made for purposes of medical treatment or medical diagnosis in connection with treatment.* Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or

past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment.

We believe, on the basis of our reading of *La-Lone,* that Dr. Hickok's testimony about the child's statements was erroneously admitted. That is, the testimony is inadmissible because the identity of an assailant cannot be characterized as the "general cause" of an injury, and such testimony was not of the sort contemplated by the drafters of MRE 803(4). *LaLone, supra,* pp 113-114. Merely because the statements were made to a medical doctor is an insufficient basis for distinguishing the present case from *LaLone.*

Moreover, there are many circumstances about this case which call into question the reliability of the challenged statements. The examination at which the statements were made was done six months after the alleged incident. A protective services worker brought the child to Dr. Hickok's office. The accusations about defendant had already been made by the time the examination was performed. Dr. Hickok testified that the physical symptoms of abuse exhibited by the child were more than four weeks old. Dr. Hickok also testified that it is important for him to know the identity of the perpetrator so as to be able to formulate a treatment plan, including placement of the child in a safe place. Thus, it is not at all clear that the child was brought to Dr. Hickok's office for medical treatment. Rather, it appears that the examination was done either to substantiate the allegations of abuse or to discover whether the child needed therapy or protection.

*LaLone* compels the conclusion that defendant's conviction must be reversed and this case re-

manded for a new trial in which the challenged hearsay testimony may not be admitted.

IV

Defendant also contends that he was denied a fair trial because the same jury panel that convicted defendant had sat on a case one week earlier in which the same issue, alleged sexual abuse by a parent on a child, was presented.

On the first day of trial, just before jury selection, defense counsel moved to challenge for cause certain jurors who had sat on a case the week before in which the issue of sexual abuse of a child by a parent was tried. The trial court denied defendant's motion.

The present situation involved four jurors who had sat on a similar case tried the week before. One of those jurors was dismissed for cause after she stated that she could not be impartial after sitting on the previous case. The other three jurors were not excused for cause. Defendant now asserts that he was denied a fair trial because those jurors sat on his case after sitting on the previous one. However, defense counsel did not use his peremptory challenges to excuse those jurors who defendant now claims denied him a fair trial. Moreover, at the conclusion of jury selection, defense counsel expressly stated that he was satisfied with the jury as empaneled. Under these circumstances, defendant has failed to show that he was denied his right to an impartial jury. *People v Holliday,* 144 Mich App 560, 575; 376 NW2d 154 (1985), lv den 424 Mich 902 (1986).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.