## PEOPLE v MOSKO

Docket No. 119026. Submitted March 5, 1991, at Lansing. Decided July 8, 1991, at 9:35 A.M. Leave to appeal sought.

Billy D. Mosko was convicted by a jury in the Oakland Circuit Court of first-degree criminal sexual conduct for engaging in sexual penetration of a thirteen-year-old relative. The court, Jessica R. Cooper, J., sentenced the defendant to ten to twenty years' imprisonment. The defendant appealed.

The Court of Appeals held:

1. The trial court erred in admitting the testimony of a physician who related the victim's statements, made during a medical examination conducted three months after the victim disclosed abuse, that she had been repeatedly raped by one person. The testimony was not admissible under MRE 803(4), the hearsay exception for statements made for purposes of medical treatment, because the victim's statements were not made in connection with treatment. The error, however, was harmless because the physician's testimony was cumulative of the testimony of the victim and her school counselor.

2. The trial court erred in refusing to instruct the jury regarding third-degree criminal sexual conduct, which the parties agreed was a necessarily lesser included offense in this case. The error, however, was harmless in light of the jury's decision to convict the defendant of first-degree criminal sexual conduct rather than second-degree criminal sexual conduct, for which instructions were given.

3. Under the facts presented at trial, the trial court did not err in refusing to instruct the jury regarding fourth-degree criminal sexual conduct.

4. Resentencing is required because the trial court improp-

REFERENCES

Am Jur 2d, Infants § 17.5; Expert and Opinion Evidence § 255, Trial §§ 1428-1434.

Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.

Admissibility of physician's testimony as to patient's statements or declarations, other than re gestae, during medical examination. 17 ALR3d 796.

erly considered the defendant's exercise of his right to trial. The defendant's refusal to admit guilt, if considered by the trial court at resentencing, is to be considered consistent with *People v Adams,* 430 Mich 679 (1988), and *People v Wesley,* 428 Mich 708 (1987), cert den 484 US 967 (1987).

5. Any error resulting from the trial court's reliance at sentencing on comments made by members of the jury to the trial court while the defendant was not present was harmless. The comments concerned inconsistencies between the defendant's testimony and his wife's testimony, a discrepancy which was readily apparent to the trial court.

Affirmed, but remanded for resentencing.

GILLIS, P.J., dissenting in part, stated that jury instructions regarding a necessarily lesser included offense must be given when requested, and failure to do so is error requiring reversal. He would reverse the defendant's conviction of first-degree criminal sexual conduct and remand for entry of a judgment of conviction of third-degree criminal sexual conduct and for resentencing. Alternatively, he would allow the prosecutor to retry the defendant on a charge of first-degree criminal sexual conduct.

1. CRIMINAL LAW — JURY INSTRUCTIONS — NECESSARILY LESSER INCLUDED OFFENSES — HARMLESS ERROR.

A harmless error analysis applies in a case of refusal to give requested jury instructions regarding necessarily lesser included offenses.

2. CRIMINAL LAW — JURY INSTRUCTIONS — NECESSARILY LESSER INCLUDED OFFENSES — HARMLESS ERROR.

Failure to give a requested instruction regarding a necessarily lesser included offense is error; however, the error is harmless where the jury is instructed regarding an additional lesser offense that also contains all the elements of the offense for which an instruction was denied, but nevertheless returns a verdict of guilty of the greater offense.

*Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for the defendant on appeal.

Before: GILLIS, P.J., and WEAVER and DOCTO-
ROFF, JJ.

WEAVER, J. Following a jury trial, defendant was
convicted of first-degree criminal sexual conduct,
MCL 750.520b(1)(b)(ii); MSA 28.788(2)(1)(b)(ii), and
was sentenced to ten to twenty years' imprison-
ment. He appeals as of right. We affirm his convic-
tion, but remand for resentencing.

Defendant claims that the trial court erred
when it admitted pursuant to MRE 803(4) testi-
mony by a physician that the victim told the
physician that she had been fondled and raped on
repeated occasions by one person. We note that
defendant objected to the physician's testimony
that the victim had been raped and that there was
a single perpetrator. We also note that the physi-
cian did not name the person and that the medical
examination occurred at least three months after
the victim disclosed the alleged abuse. The trial
court ruled that the testimony was admissible
pursuant to MRE 803(4), which provides:

> The following is not excluded by the hearsay
> rule, even though the declarant is available as a
> witness:
>
> *   *   *
>
> (4) Statements made for purposes of medical
> treatment or medical diagnosis in connection with
> treatment and describing medical history, or past
> or present symptoms, pain, or sensations, or the
> inception or general character of the cause or
> external source thereof insofar as reasonably nec-
> essary to such diagnosis and treatment.

In *People v LaLone,* 432 Mich 103; 437 NW2d
611 (1989), our Supreme Court held that state-
ments made to a psychologist concerning the iden-
tity of the perpetrator were not admissible pursu-

ant to MRE 803(4). The Supreme Court also held that the victim's statements to the psychologist were inadmissible pursuant to MRE 803(4) because they were not made in connection with treatment when they were made after the initial investigation into the allegations of abuse had been launched. *Id.* The Court reversed the defendant's conviction of first-degree criminal sexual conduct, involving his fourteen-year-old stepdaughter, and remanded for a new trial, noting that a credibility contest was involved.

In *People v Meeboer,* 181 Mich App 365; 449 NW2d 124 (1989), lv gtd 436 Mich 880 (1990), this Court held that statements made by a six-year-old victim to a physician one week after the alleged assault were admissible pursuant to MRE 803(4). This Court distinguished *LaLone* because the victim in *Meeboer* had made her statement to a physician, not to a psychologist. This Court also distinguished *LaLone* on the basis that the statements regarding the identity of the perpetrator were admissible because they were necessary for medical treatment. In any event, this Court held that any error would have been harmless because the physician's testimony was cumulative to the victim's testimony. *Meeboer, supra,* 373.

In *People v Conn (On Remand),* 182 Mich App 13; 451 NW2d 555 (1990), lv gtd 436 Mich 880 (1990), this Court held that *LaLone* prevented statements made to a physician from being admitted pursuant to MRE 803(4).

In *People v DePlanche,* 183 Mich App 685; 455 NW2d 395 (1990), this Court reversed the defendant's conviction and remanded for a new trial, holding that statements made to a physician were inadmissible pursuant to MRE 803(4) where the statements were made during an examination six months after the abuse allegations had been made.

We agree with defendant that the victim's statements to the physician in this case were inadmissible pursuant to MRE 803(4) because they were not made in connection with treatment. *LaLone, supra; DePlanche, supra.*

We note that on appeal the prosecutor argues that the statements were not hearsay in that they were not offered to prove the truth of the matter asserted. MRE 801(c). Having reviewed the record, we believe that the testimony was offered for that purpose, and the jury was not instructed otherwise.

The prosecutor also claims that the error was harmless. We agree. The victim testified with respect to the abuse that occurred and identified defendant as the perpetrator. A school counselor also testified that the victim had told her that she had sexual relations with her uncle. The physical examination confirmed that the thirteen-year-old victim had no hymen, which was consistent with repeated sexual intercourse. Under these circumstances, we hold that the admission of the physician's testimony was harmless. *Meeboer, supra.*

Defendant next claims that the trial court erred when it declined to instruct the jury with regard to third-degree and fourth-degree CSC. We note that the trial court granted defendant's request to instruct the jury with regard to second-degree CSC. The difference between first-degree CSC, MCL 750.520b(1)(b)(ii); MSA 28.788(2)(1)(b)(ii), and third-degree CSC, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), is the existence of familial relationship to the fourth degree. The prosecutor correctly concedes that third-degree CSC in this case is a necessarily lesser included offense of first-degree CSC. Nonetheless, the trial court declined to instruct the jury with regard to third-degree CSC, ruling that the familial relationship was not disputed. We find

that the trial court's failure to give the requested instruction, while erroneous, was harmless.

Our Supreme Court has adopted a harmless error analysis where a trial court has failed to instruct on a cognate lesser included offense. *People v Beach,* 429 Mich 450, 466; 418 NW2d 861 (1988). At that time, the Supreme Court refused to comment on this Court's failure to apply a harmless error analysis to a refused instruction regarding a necessarily included offense, noting that the case before it presented only cognate lesser included offenses. We conclude that the harmless error analysis should be extended to refused instructions regarding necessarily lesser included offenses.

*Beach* addressed instructions regarding cognate lesser included offenses that should have been given because the evidence adduced at trial was sufficient to support a guilty verdict on that charge. Thus, these cognate offenses effectively are in the same posture as necessarily included lesser offenses. We can find no rationale not to apply a harmless error analysis to the latter as well as the former.

Adopting such a position shows that the refusal to instruct with regard to third-degree criminal sexual conduct was harmless error. The jury rejected the charged offense of second-degree criminal sexual conduct. The difference between first- or second-degree and third-degree criminal sexual conduct is the existence of a fourth-degree family relationship. However, defendant did not rest his defense on the proposition that he was not related to the victim. The defense theory was based on a denial of the accusation, asserting that the victim's testimony should not be believed. The jury was presented with the option of a lesser offense, second-degree CSC, and rejected it in favor of con-

viction of the higher offense. In such an instance, the court's failure to instruct the jury with regard to the lesser included offense is harmless error. See *Beach, supra,* 490-491.

Concerning the trial court's failure to instruct with regard to fourth-degree CSC, we agree with *People v Norman,* 184 Mich App 255, 259-261; 457 NW2d 136 (1990), that there was no error given the facts presented at trial.

Defendant's final assignment of error is that improper matters were considered during sentencing. At sentencing, the trial court stated:

> I am very concerned about this case. I'm concerned because it was a case that went to trial. One of the things that the jurors said is that, "If they were going to lie that at least the husband and wife could've gotten together and gotten their stories straight." One of the reasons that they were impressed with guilt was because they couldn't get their stories straight between the husband and wife. And they certainly were very well rehearsed. But for some reason they weren't identical.
>
> I think that when you have a situation like this where you have a young girl, there have been threats, where there is a relationship of—of uncle and niece—if you go to trial and you put her through what she went through with all of the—the—the problems she had to go through and she continued to go through those problems for two and a half years [the time it took to bring the case to trial] you couldn't even lie properly.
>
> And to get up on the stand and your [sic] sanctimonious and you're self-righteous and you're guilty, that seems to me to be something that is—that is beyond descent [sic]. And certainly this type of an offense where she's so young that it—it took her a course in school to understand that what was going on in her life was wrong.
>
> I—I look at the sentence and I look at the

recommendation. The recommendation is from ten to twenty. The officer recommends from twelve to forty. And even before the recommendation was extremely high.

I don't know that there is any way that you can be rehabilitated. As I look at the presentence report, and I look at—at how you have conducted yourself, and what—what you do in terms of your life, and the inconsistencies from what appeared in —in Court and in trial is not that [sic] was reflected in the presentence investigation. I don't think that rehabilitation is something that is some —that you're going to experience.

The punishment here, and the reason for your sentence is punishment, it is not rehabilitation because I don't think that you can be rehabilitated.

The sentencing guidelines are within the recommendation, it will be the sentence of this Court that you spend from ten to twenty years in the state prison for Southern Michigan.

Defendant first claims that the trial court improperly considered the fact that he exercised his right to trial in imposing his sentence. To the extent that the trial court's comments can be read so, we agree that such a consideration is improper. Defendant has the constitutional right to a trial and should not be penalized for exercising that right.

Defendant also claims that the trial court improperly considered his refusal to admit guilt and his alleged lies at trial. Defendant appeared apologetic during sentencing, but did not explicitly admit his guilt. To the extent the trial court considers these factors at resentencing, it should do so consistent with our Supreme Court's opinions in *People v Adams*, 430 Mich 679; 425 NW2d 437 (1988), and *People v Wesley*, 428 Mich 708; 411 NW2d 159 (1987), cert den 484 US 967 (1987).

Finally, defendant claims that the trial court improperly spoke with the jury, because he was not present or represented during that discussion. To the extent the sentencing court relied on comments of the jurors, those comments were directed at defendant's testimony, which was inconsistent to a certain extent with his wife's. The discrepancy was apparent to the trial court even without its discussion with the jury and, therefore, the error, if any, was harmless.

We affirm defendant's conviction of first-degree criminal sexual conduct, but remand for resentencing. We do not retain jurisdiction. Affirmed, but remanded for resentencing.

DOCTOROFF, J., concurred.

GILLIS, P.J. *(concurring in part and dissenting in part).* While I agree with the majority's resolution of the remaining issues, I dissent because I believe that the trial court's failure to instruct with regard to the necessarily lesser included offense of third-degree criminal sexual conduct was not harmless error. Contrary to the prosecutor's assertion and as the majority opinion recognizes, our Supreme Court has thus far adopted a harmless error analysis only where the trial court has failed to instruct with regard to a cognate lesser included offense. *People v Beach,* 429 Mich 450, 466; 418 NW2d 861 (1988). In *People v Garrett,* 161 Mich App 649, 651-652; 411 NW2d 812 (1987), this Court held:

It is well established that a trial court must instruct upon a necessarily lesser included offense when requested to do so, even though the evidence showed a completed offense. This is known as the automatic instruction rule. Failure to do so is error requiring reversal. A necessarily lesser included offense is one which must be committed as

part of the greater offense, i.e., it is impossible to commit the greater without first having committed the lesser.

The reason for the automatic instruction rule is that the denial of a proper request for instructions on lesser included offenses exposes a defendant to possible conviction on a charged offense simply because a jury may be reluctant to acquit a person who is really guilty only of a lesser crime. Conversely, such a denial of a requested instruction increases the possibility that a person guilty of a lesser crime may be acquitted. Moreover, the jury is the sole judge of all facts presented and may choose to believe or disbelieve any or all evidence, whether logical or not. [Citations omitted.]

See also *People v Herbert Ross,* 73 Mich App 588, 593-594; 252 NW2d 526 (1977). Instructing with regard to second-degree criminal sexual conduct did not alleviate the failure to instruct with regard to third-degree criminal sexual conduct because first-degree criminal sexual conduct, MCL 750.520b(1)(b)(ii); MSA 28.788(2)(1)(b)(ii), requires penetration while second-degree criminal sexual conduct, MCL 750.520c(1)(b)(ii); MSA 28.788(3)(1)(b)(ii), requires sexual touching. Both offenses require the existence of the familial relationship, unlike third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). Therefore, I continue to apply the remedy applied by our Supreme Court in *People v Cargill,* 405 Mich 482, 500-501; 275 NW2d 777 (1979). Hence, I would reverse and remand for entry of a judgment of conviction of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), and for resentencing. In the alternative, the prosecutor may, in his discretion, upon notice to the trial court before resentencing, have the trial court vacate the judgment of conviction and retry defendant on the charge of first-degree criminal sexual conduct.