PEOPLE v ANTOINE

Docket No. 127364. Submitted February 11, 1992, at Detroit. Decided
    May 4, 1992, at 10:05 A.M. Leave to appeal sought.
  Rolando M. Antoine was convicted by a jury in the Detroit
    Recorder's Court, Geraldine Bledsoe Ford, J., of armed robbery
    and was sentenced to eight to sixteen years' imprisonment. He
    appealed by leave granted.
      The Court of Appeals *held:*
      1. Any error resulting from the court's failure to instruct the
    jury with regard to the lesser included offenses of assault with
    intent to commit unarmed robbery and larceny from a person
    was harmless because the jury was instructed with regard to
    the lesser included offense of assault with intent to commit
    armed robbery and returned a verdict of guilty of the charged
    greater offense of armed robbery.
      2. The trial court's admonitions and observations at sentenc-
    ing were not expressions of impermissible sentencing considera-
    tions.
      Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training and Appeals, and *Thomas M.
Chambers,* Assistant Prosecuting Attorney, for the
people.

*Gerald M. Lorence,* for the defendant on appeal.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY
and BRENNAN, JJ.

BRENNAN, J. Following a jury trial, defendant
was convicted of armed robbery, MCL 750.529;
MSA 28.797, and was sentenced to eight to sixteen

years' imprisonment. Defendant appeals by leave granted. We affirm.

Defendant argues that the court erred in denying his request to instruct the jury with regard to the following lesser included offenses of armed robbery: assault with intent to commit unarmed robbery, MCL 750.88; MSA 28.283, and larceny from a person, MCL 750.357; MSA 28.589. We find that any error was harmless because the jury was instructed with regard to the lesser included offense of assault with intent to commit armed robbery, MCL 750.89; MSA 28.284, but, nevertheless, returned a verdict of guilty of the greater offense of armed robbery. *People v Mosko,* 190 Mich App 204, 209-210; 475 NW2d 866 (1991). Defendant's theory at trial was that nothing had happened. He never contended that an unarmed assault occurred. Moreover, there was no evidence that a weapon was not used in the assault. Accordingly, we find that reversal of defendant's conviction is not warranted.

Remand for resentencing is not necessary because we do not find that the trial judge's admonitions and observations at sentencing constituted an expression of impermissible sentencing considerations. Knowing as we do that the trial judge is of the same race as defendant, we can find no offensive or inappropriate consideration underlying her comment regarding her disappointment, which certainly must have reflected all of responsible society's disappointment in the felonious acts of all convicted criminals, in defendant as a black man. Her comments are not racist in any pejorative sense, they are feminist. No claim is made that feminist exhortations are impermissible. Except for the reference to defendant not deserving a lawyer, which we do find puzzling, the other com-

ments reflect the attitudes of society, and some are personified in the programs recently instituted in this state by its leading citizen.

Defendant also claims that the court made biased and hostile comments at sentencing. Sentencing is the time for comments against felonious, antisocial behavior recounted and unraveled before the eyes of the sentencer. At that critical stage of the proceeding when penalty is levied, the law vindicated, and the grievance of society and the victim redressed, the language of punishment need not be tepid.

Affirmed.