*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MENDO ROMAN LOVE,

Defendant-Appellant.

UNPUBLISHED
November 14, 2024
2:57 PM

No. 366576
Wayne Circuit Court
LC Nos. 11-008415-01-FC;
11-008924-01-FJ

Before: JANSEN, P.J., and RICK and PATEL, JJ.

PER CURIAM.

Defendant appeals by right the order denying his motion for recusal and the order denying his motion for recusal review under MCR 2.003(D)(3)(a)(i). We affirm.

## I. BACKGROUND

In Case No. 11-008415-01-FC (*Love I*), a jury convicted defendant of first-degree premeditated murder, MCL 750.316, and felony-firearm, MCL 750.227b. Defendant was sentenced to life imprisonment without the possibility of parole for the first-degree murder conviction and two years' imprisonment for the felony-firearm conviction. This Court affirmed defendant's convictions, but remanded for resentencing on the first-degree murder conviction in accordance with *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012) because defendant was under 18 years old at the time of the murder.[1]

In Case No. 11-008924-01-FJ (*Love II*), a jury convicted defendant of felony murder, MCL 750.316(b); armed robbery, MCL 750.529; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant, who was 16 years old at the time of the offenses, was sentenced to a mandatory sentence of life imprisonment without the possibility of

---

[1] *People v Love*, unpublished per curiam opinion of the Court of Appeals, issued May 20, 2014 (Docket No. 314439).

-1-

parole for the felony-murder conviction, 12 to 30 year's imprisonment for the armed-robbery conviction, and to 2 years' imprisonment for the felony-firearm conviction. This Court affirmed defendant's convictions, but vacated the mandatory life sentence for the felony-murder conviction and remanded for resentencing in accordance with *Miller*.[2]

On remand, the prosecutor moved to impose sentences of life without parole in both cases. At defendant's request, counsel was appointed to represent him. In January 2016, the trial court stayed the resentencing hearing until the Michigan appellate courts determined whether a court or a jury should decide whether juvenile defendants should be sentenced to life without parole.

In March 2018, defendant filed an *in propria persona* motion for relief from judgment and a motion for an evidentiary hearing in *Love II*. Subsequently, defendant retained counsel, who filed a notice to withdraw both motions. After defense counsel withdrew the motions, the trial court denied defendant's motion for relief from judgment. Defendant moved for reconsideration, which the court denied.

Defendant filed a delayed application for leave to appeal the trial court's order denying his motion for reconsideration in *Love II*. In lieu of granting leave, this Court peremptorily reversed the order denying defendant's motion for reconsideration and vacated the order denying defendant's motion for relief from judgment.[3] This Court concluded that the trial court palpably erred by considering and deciding defendant's motion for relief from judgment after defendant withdrew the motion, and the error prejudiced defendant because MCR 6.502(G)(2) limited defendant to one motion for relief from judgment.[4]

While defendant's appeal was pending in *Love II*, defense counsel appeared on behalf of defendant in *Love I* and moved for relief from judgment. The trial court denied the motion in March 2019.

In July 2020, defendant moved to recuse the sentencing judge from both cases under MCR 2.003(C)(1)(a) and (b). Defendant argued that comments made by the judge during defendant's sentencings reflected bias against defendant. Defendant further argued that the judge committed a due process violation and deprived defendant of his right to counsel by denying his motion for relief from judgment after defense counsel filed a notice withdrawing the motion. The sentencing judge denied the motion as untimely under MCR 2.303(D)(1)(d). The sentencing judge further concluded that defendant failed to establish actual bias or an appearance of impropriety. Defendant requested review by the chief circuit judge, who denied the motion and a subsequent motion for reconsideration. This appeal followed.

---

[2] *People v Love*, unpublished per curiam opinion of the Court of Appeals, issued April 25, 2013 (Docket No. 308868).

[3] *People v Love*, unpublished order of the Court of Appeals, entered September 24, 2019 (Docket No. 348891).

[4] *Id*.

## II. JUDICIAL DISQUALIFICATION

Defendant argues that the sentencing judge erred by denying his motion for recusal. We disagree.

### A. PRESERVATION

MCR 2.003(D)(1)(a) requires a party move for disqualification "within 14 days of the discovery of the grounds for disqualification." Failure to file a disqualification motion within the mandatory 14-day period renders the issue unpreserved for appellate review. See *People v Loew*, ___ Mich ___, ___ n 10; ___ NW3d ___ (2024) (Docket No. 164133); slip op at 14.

Defendant moved for disqualification in July 2020. To the extent that the motion was premised on the sentencing judge's comments at the sentencing hearings, the motion was untimely because it was filed more than 14 days after the 2012 sentencing hearings. Moreover, defendant did not raise any objections on the ground of judicial bias at either sentencing hearing. See generally, *People v Sardy*, 216 Mich App 111, 117-118; 549 NW2d 23 (1996) (the defendant's claim that the trial judge made prejudicial comments in front of the jury was unpreserved and forfeited because the defendant did not object in the trial court).

Defendant's motion was also untimely to the extent that he relied on the sentencing judge's denial of his motion for relief from judgment after defense counsel filed a notice withdrawing the motion. The motion was filed more than 14 days after the June 2018 opinion and order denying his motion for relief from judgment, and this Court's September 2019 order peremptorily reversing the order denying defendant's motion for reconsideration and vacating the order denying defendant's motion for relief from judgment.

Although MCR 2.003(D)(1)(d) provides that untimely motions for disqualification "may be granted for good cause shown[,]" defendant has failed to establish good cause and the untimely filing is not excused. Accordingly, this issue is unpreserved.

### B. STANDARDS OF REVIEW

We review a trial court's factual findings on a motion for disqualification for an abuse of discretion, and review de novo the application of the facts to the law. *People v Wade*, 283 Mich App 462, 469; 771 NW2d 447 (2009). We also review de novo as a question of constitutional law whether judicial bias deprived a defendant of due process. *People v Stevens*, 498 Mich 162, 168; 869 NW2d 233 (2015). However, because this issue is unpreserved, our review is for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To obtain relief under plain-error review, a defendant must show that an error occurred, that it was clear or obvious, and that it was prejudicial, i.e., that it affected the outcome of the lower court proceedings. *Id*. at 763. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (cleaned up).

## C. RELEVANT AUTHORITY

"The Due Process Clause requires an unbiased and impartial decisionmaker." *Cain v Mich Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). A judge is presumed to be impartial and "the party who challenges a judge on the basis of bias or prejudice must overcome a heavy presumption of judicial impartiality." *Id.* Further, although untimely motions for disqualification may be granted for good cause shown, "untimeliness is a factor in deciding whether the motion should be granted." MCR 2.003(D)(1)(d).

Defendant moved to disqualify the sentencing judge under MCR 2.003(C)(1)(a) and (b):

> (1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:
>
> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacted the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. [Alteration in original.]

Disqualification under MCR 2.003(C)(1)(a) requires a defendant to establish actual bias or prejudice. See *People Aceval*, 486 Mich 887, 889; 701 NW2d 776 (2010); *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). A showing of actual bias or prejudice usually requires that the source of the bias arise out of events or information outside the judicial proceedings. *Cain*, 451 Mich at 495. Judicial rulings alone do not provide a valid basis for finding judicial bias or partiality, *id.* at 496, unless the judicial opinion displays "a deep-seated favoritism or antagonism that would make fair judgment impossible[,]" *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009) (cleaned up). "Disqualification on the basis of bias or prejudice cannot be established merely by repeated rulings against a litigant, even if the rulings are erroneous." *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009). Further, a judge's remarks that "are critical of or hostile to counsel, the parties, or their cases, ordinarily do not establish disqualifying bias." *Id.* at 567. "Moreover, partiality is not established by expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women sometimes display." *People v McIntire*, 232 Mich App 71, 105; 591 NW2d 231 (1998), rev'd on other grounds 461 Mich 147 (1999).

If a party cannot establish actual bias or prejudice, MCR 2.003(C)(1)(b)(i) provides for disqualification on the basis of a serious risk of actual bias affecting a party's due-process rights.

> Due process principles require disqualification, absent a showing of actual bias or prejudice, in situations where experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable, such as situations when the judge has a pecuniary interest in the outcome, has been the target of personal abuse or criticism from a party, is enmeshed in other matters involving a party, or has previously participated in the

case as an accuser, investigator, fact-finder, or initial decisionmaker. Disqualification pursuant to the Due Process Clause is only required in the most extreme cases. [*In re MKK*, 286 Mich App at 567 (cleaned up).]

In addition, MCR 2.003(C)(1)(b)(ii) provides for disqualification when a judge has failed to adhere to the appearance of impropriety standard stated in the Code of Judicial Conduct, Canon 2. Defendant argues that the trial judge violated Canon 2(A), which provides:

Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.

"Under MCR 2.003(C)(1)(b), the test for determining whether there is an appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." *Kern v Kern-Koskela*, 320 Mich App 212, 232; 905 NW2d 453 (2017) (cleaned up).

## D. RIGHT TO COUNSEL

First, defendant argues that the sentencing judge should be disqualified under MCR 2.003(C)(1)(a) because she denied defendant's motion for relief from judgment after he filed a notice of withdrawal of the motion, which deprived him of his right to counsel of his choice and his right to notice and an opportunity to be heard.[5] We disagree.

Judicial rulings alone do not provide a valid basis for finding judicial bias or partiality. *Cain*, 451 Mich at 496. Judicial rulings "are proper grounds for appeal, not for recusal." *Liteky v United States*, 510 U S 540, 555; 114 S Ct 1147; 127 L Ed 2d 474 (1994). On appeal, this Court reversed the trial court's order, which provided defendant with an opportunity to renew his motion with the benefit of counsel. Further, the sentencing judge stated that she was unaware of defendant's notice to withdraw his motion when she considered and denied his motion for relief from judgment. The sentencing judge's erroneous denial of defendant's motion after defense counsel filed a notice of withdraw did not demonstrate actual bias or prejudice and defendant has failed to establish plain error affecting his substantial rights.

## E. COMPETENCY EVALUATION

Defendant further argues that the judge's failure to refer him for a competency evaluation deprived him of a fair trial and substantiated the judge's bias against him. We disagree.

Defendant first raised this issue in his April 2023 motion for reconsideration before the chief judge. Issues raised for the first time on reconsideration are not properly preserved for appellate review. *People v Swenor*, 336 Mich App 550, 562; 971 NW2d 33 (2021). Moreover,

---

[5] This issue is unpreserved for the reasons already discussed.

because defendant's request to disqualify the sentencing judge on this issue was made more than 14 days after the 2012 trials, it is untimely and thus unpreserved. See MCR 2.003(D)(1)(a); *Loew*, ___ Mich at ___ n 10; slip op at 14. Defendant's failure to raise the competency issue in either of his post-conviction appeals further supports the conclusion that this issue is unpreserved.

Defendant argues that the trial judge knew that defendant suffered from a mental illness. Defendant also asserts that while he was in jail awaiting trial, his behavior deteriorated so badly that the jail requested that defendant's mother provide his medication. Defendant does not cite to the record, but contends that the trial judge should have referred him for a competency evaluation. Defendant maintains that this substantiates his claim of the sentencing judge's actual bias against him.

A trial court has a duty to raise the issue of a defendant's incompetence if facts are brought to its attention which raise a "bona fide doubt" as to defendant's competence. *People v Kammeraad*, 307 Mich App 98, 138; 858 NW2d 490 (2014) (cleaned up). "The test for such a bona fide doubt is whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Id*. at 138-139 (cleaned up). A bona fide doubt of a defendant's competence could be formed as a result of "a defendant's irrational behavior, a defendant's demeanor, and a defendant's prior medical record relative to competence." *Id*. at 139 (cleaned up). Defendant has failed to establish that the trial judge had knowledge of any irrational behavior that would have raised a bona fide doubt as to defendant's competence or his ability to assist in his defense. Accordingly, we conclude that there is no indication of actual bias or prejudice and defendant has failed to establish plain error affecting his substantial rights regarding the lack of a competency evaluation.

## F. ALLEGED *BRADY* VIOLATION

Defendant also asserts that the trial judge deprived him of his due-process rights by denying him the right, under *Brady v Maryland*, 373 U S 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), to review exculpatory evidence and have it admitted into evidence during trial. We disagree.

Defendant first raised this issue in his April 2023 motion for reconsideration before the chief judge and thus it is unpreserved. *Swenor*, 336 Mich App at 562. Moreover, because defendant's request to disqualify the sentencing judge on this issue was made more than 14 days after the 2012 trials, it is untimely and thus unpreserved. See MCR 2.003(D)(1)(a); *Loew*, ___ Mich at ___ n 10; slip op at 14.

Defendant argues that the trial judge allowed the prosecution to admit screenshots of a surveillance video that was never authenticated or admitted into evidence. Defendant contends that he obtained a copy of the video after the trial and learned that admission of the video would have exonerated him. Contrary to defendant's argument, the record reflects that the video *was* admitted into evidence during the *Love I* trial and defendant did not object to the admission of the video or the photographs. Accordingly, we conclude that there is there is no indication of actual bias or prejudice and defendant has failed to establish plain error affecting his substantial rights.

G. SENTENCING COMMENTS

Defendant next argues that the sentencing judge's remarks during sentencing established her bias and antagonism against defendant.[6] We disagree.

"Sentencing is the time for comments against felonious, antisocial behavior recounted and unraveled before the eyes of the sentencer. At that critical stage of the proceeding when penalty is levied, the law vindicated, and the grievance of society and the victim redressed, the language of punishment need not be tepid." *People v Antoine*, 194 Mich App 189, 191; 486 NW2d 92 (1993). A sentencing judge "may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person." *Liteky*, 510 US at 550-551. Thus, "the judge is not thereby recusable for bias or prejudice, since his [or her] knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings[.]" *Id*. at 551.

A review of the record reveals that in one instance of alleged bias, the sentencing judge merely reacted to a perceived threat against her and the prosecutor contained in defendant's description of the crime. Defendant further claims that the sentencing judge referred to him as a monster. But the record reflects that the sentencing judge merely agreed with the victim's aunt, who gave an impact statement, that defendant did not look like a monster or someone who would commit murder. The judge expressed frustration and anger that a man as young and as intelligent as defendant killed two people. The sentencing judge's comments resulted from the evidence introduced at trial and defendant's actions at sentencing. Such opinions do not constitute bias or partiality. See *People v Wells*, 238 Mich App 383, 391; 605 NW2d 374 (1999). The trial judge also reacted to defendant's continued claims of innocence after he had been convicted of murder by two juries in two separate cases. Defendant failed to establish that the sentencing judge's comments went beyond opinions formed during trial, and instead, exhibited a deep-seated antagonism against defendant. Accordingly, we conclude that there is there is no indication of actual bias or prejudice and defendant has failed to establish plain error affecting his substantial rights.

H. MCR 2.003(C)(1)(b)

Finally, defendant argues that the sentencing judge should have been disqualified because there was a serious risk of actual bias impacting defendant's due-process rights and an appearance of impropriety as described in MCR 2.003(C)(1)(b). We disagree.

"[D]isqualification for bias or prejudice is only constitutionally required in the most extreme cases." *Cain*, 451 Mich at 498. "[T]he burden is heavy for a disqualification motion grounded on the constitutional right to an unbiased and impartial tribunal." *Id*. at 498 n 33. The extreme circumstance in which recusal is constitutionally required general involve situations where the judge or decisionmaker:

---

[6] This issue is unpreserved for the reasons already discussed.

(1) has a pecuniary interest in the outcome;

(2) has been the target of personal abuse or criticism from the party before him;

(3) is enmeshed in other matters involving petitioner; or

(4) might have prejudged the case because of prior participation as an accuser, investigator, fact finder or initial decisionmaker. [*Id*. at 498 (cleaned up).]

In this case, the sentencing judge had no financial interest in the outcome, nor did the judge participate in an earlier proceeding of the case in any capacity. Defendant has failed to identify any extreme circumstance or any interest the judge has in the outcome of his case that requires her recusal as a constitutional matter. Similar to the reasons set forth above in regard to the issue of actual bias or prejudice, the sentencing judge's conduct did not demonstrate "a serious risk of actual bias impacting [defendant's] due process rights[.]" See MCR 2.003(C)(1)(b). The sentencing judge's conduct also did not create a reasonable perception that the judge's integrity, impartiality, or competence was impaired. See *Kern*, 320 Mich App at 232. Accordingly, we conclude that defendant has failed to establish plain error that affected his substantial rights with respect to his argument there was a serious risk of actual bias impacting defendant's due-process rights and an appearance of impropriety as described in MCR 2.003(C)(1)(b).

Affirmed.

/s/ Kathleen Jansen
/s/ Michelle M. Rick
/s/ Sima G. Patel

-8-