PEOPLE v ATKINSON

Docket No. 63085. Submitted March 3, 1983, at Lansing.—Decided May 4, 1983.

Thurman Atkinson was convicted by a jury in Genesee Circuit Court of manslaughter and was sentenced, Gerald D. Snodgrass, J. Defendant appeals, challenging the validity of his sentence. *Held:*

1. Defendant's contention that his sentence, the maximum allowable for manslaughter, was imposed in retaliation for his refusal to accept a plea agreement proposed by the prosecuting attorney is rejected. There is no evidence of judicial vindictiveness or retaliation for defendant's refusal to accept the plea agreement.

2. There is no merit to defendant's claim that the trial court became improperly involved in the plea bargaining process.

Affirmed.

1. CRIMINAL LAW — SENTENCING — RETALIATION.

A defendant's sentence should be vacated where there is evidence that the sentence was imposed because of judicial vindictiveness or retaliation for the defendant's exercise of constitutional rights.

2. CRIMINAL LAW — SENTENCING.

A court may not properly consider a defendant's refusal to plead guilty when determining the defendant's sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*John A. Streby,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 535, 537, 583.
[2] 21 Am Jur 2d, Criminal Law § 447.

Before: R. B. BURNS, P.J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant was convicted of manslaughter, MCL 750.321; MSA 28.553, following a jury trial. He was sentenced to a term of 10 to 15 years in prison and appeals as of right. On appeal, he raises a single issue, namely, the validity of his sentence.

The record reveals that defendant was originally charged with murder. Prior to trial, the court inquired as to whether defendant would be interested in the prosecution's proposed plea bargaining arrangement, under which defendant would plead guilty to the lesser charge of manslaughter. The court asked defendant whether he was aware that a murder conviction carries a potential life sentence, whereas the maximum sentence for manslaughter is 15 years. Defendant responded that he was aware of the different maximum sentences, but stated that, even so, he did not want to accept the prosecution's offer. The court then made the following comment:

"I feel it incumbent upon me to make this statement to you, Mr. Atkinson. I have been involved in a lot of murder cases in my life. You have a very, very competent attorney representing you, but I would suggest to you that in this particular cause of action, that may not help you, sir.

"I would suggest to you that it just seems to me that, and I don't know if I should properly say this on the record or not, but I will anyway, that *you're making a mistake in doing what you're doing.* Of course, the jury may prove me wrong, but if the jury proves me right *it just means that there's a potential for much more time in the state's prison."* (Emphasis added.)

---

* Former circuit court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant's sole contention is that his sentence—the maximum for manslaughter—was imposed in retaliation for his refusal to accept the proposed plea arrangement. Defendant interprets the emphasized portion of the court's comment, *supra,* as a warning or threat of the "potential" that the court would enhance defendant's sentence if he were to be convicted at trial instead of pleading guilty. Defendant cites various cases in support of his claim that a sentence should be vacated where there is evidence of judicial vindictiveness or retaliation for a defendant's exercise of constitutional rights. *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969); *People v Jones,* 403 Mich 527; 271 NW2d 515 (1978). Alternatively, defendant argues that the trial court improperly involved itself in the plea bargaining process, contrary to this Court's ruling in *People v Bennett,* 84 Mich App 408; 269 NW2d 618 (1978), and *People v Mathis,* 92 Mich App 670; 285 NW2d 414 (1979). We believe that defendant misplaces reliance on the foregoing cases.

At the outset, we note our agreement with defendant that no accused person should face the dilemma of either waiving trial or facing retaliatory sentencing as a consequence of insisting on a trial. This Court has previously held that when a court determines a defendant's sentence, it may not properly consider the latter's refusal to plead guilty, *People v Travis,* 85 Mich App 297, 303; 271 NW2d 208 (1978); *People v Mathis, supra.* However, we disagree with defendant's premise that there were indications of such retaliation here. Defendant's interpretation of the court's comments completely overlooks the context of those comments. When the court referred to the "potential for much more time in * * * prison", the court

was focusing exclusively on the difference between the maximum penalties for murder and manslaughter. Given testimony adduced at pretrial proceedings, the court was aware of the possibility that a jury could find the evidence sufficient to support a conviction for the charged offense, murder. The court's comments merely reflected its concern that defendant might not be aware of the substantial risk which he was taking in turning down the prosecutor's offer; a possible murder conviction, and therefore a possible life sentence. Viewed in this context, these comments suggest no threat of retaliation at all.

Defendant does not point to anything else in the record which would indicate that the court put pressure on him to accept the prosecutor's offer. Certainly, nothing in the sentencing transcript suggests that the court based its sentence in any way on defendant's decision to proceed to trial. On the contrary, the court's comments at sentencing reveal that there was another reason for the court's decision to impose a lengthy term, namely, defendant's background, including a prior conviction for an assaultive crime.

The circumstances surrounding the sentence here are far less suggestive of vindictiveness than those in *Pearce, supra,* or *Jones, supra,* so heavily relied upon by defendant. In each of those cases, there was one crucial factor which gave rise to an inference of vindictiveness in sentencing: the court had already made a determination as to the proper sentence for the conviction, but upon retrial and reconviction for the same charge, the court imposed a higher sentence. In each case, the reviewing court noted the lower court's failure to cite a reason for imposing a sentence higher than that which the lower court had previously found to

be appropriate. Since the only variable between the first and second convictions was the fact that the defendant had successfully appealed the first, the reviewing court found some basis for inferring that the higher sentence must have been imposed in retaliation for exercising that right of appeal. Contrast the present case, where there is no comparable basis for inferring vindictiveness. The trial court has never made any determination that a lighter sentence would be appropriate for defendant's conviction. The court's decision to impose the maximum term may have been based upon a variety of factors, independent of defendant's exercise of rights. Certainly, this Court is not faced with circumstances such as those in *Pearce, supra,* or *Jones, supra,* which practically compelled the conclusion that the defendant's exercise of rights was the reason for the decision to impose a long sentence.

Finally, we find no merit in defendant's claim that the trial court became improperly involved in the plea bargaining process. In this regard, defendant misplaces reliance on *Bennett, supra,* and *Mathis, supra.* In *Mathis, supra,* this Court disapproved of a trial court's practice of serving as the "instigator" or "conduit" of negotiations. In *Bennett,* the trial court went beyond explaining the ramifications of a plea arrangement formulated by the prosecutor, making a proposal of its own (the court offered probation to defendant). Contrast also *People v Randle,* 104 Mich App 1; 304 NW2d 9 (1981), where the court made an explicit offer to reduce the minimum sentence on one charge in exchange for a plea on a related offense, and *People v Travis, supra,* where the court told defendant that if he would plead guilty, he would receive a sentence "less than deserved". In the

present case, the trial court only mentioned the ramifications of an agreement which had been formulated by the prosecution; the court did not take steps to instigate negotiations, nor did it make any proposals of its own.

Affirmed.