## PEOPLE v GODBOLD

Docket No. 194171. Submitted June 14, 1997, at Detroit. Decided June 30, 1998, at 9:05 A.M. Leave to appeal sought.

Markello Godbold was convicted following a bench trial in the Recorder's Court for the city of Detroit, Terrance K. Boyle, J., of armed robbery, assault with intent to rob while armed, and possession of a firearm during the commission of a felony. The court thereafter denied the defendant's motion for a new trial. The defendant appealed, alleging that the prosecutor impermissibly shifted the burden of proof during closing argument, that there was insufficient evidence to support the convictions, and that the defendant's waiver of the right to a jury trial was not voluntary because it was based on defense counsel's representation that if the defendant proceeded with a jury trial and was convicted, he would receive a harsher sentence than he would receive following conviction in a bench trial.

The Court of Appeals *held*:

1. The advice defense counsel gave the defendant, that there was a high probability of conviction before either a jury or a judge, that the judge had substantial sentencing discretion within the guidelines range and usually sentenced within the guidelines, and that choosing a bench trial would save the defendant some time in prison, was based on reality and is neither uncommon nor improper. The advice was not the equivalent of a warning that the defendant will be penalized for opting for a jury trial and does not render a resulting bench trial involuntary or the product of coercion. Such a waiver is informed, not coerced.

2. The record supports the trial court's statement that it was the court's practice to provide a sentence concession to defendants who waive a jury trial and it was not the court's practice to penalize defendants at sentencing for exercising the right to a jury trial. The trial court did not base the defendant's sentence on any factor other than proper sentencing considerations.

3. The prospect of leniency if a right is waived is not the equivalent of a penalty for exercise of that right. Where, as here, there is no express or implied threat of punishment for exercising the constitutional right to a jury trial, such a threat does not

emerge solely from the expectation of leniency, based on the trial court's sentencing practice in this case, where the right is waived. While the consequence of exercising the right to a jury trial before a judge who has such a sentencing practice may be the imposition of a greater individualized sentence than the individualized sentence that would have been imposed had the right to a jury trial been waived, it does not follow that the greater sentence is a punishment or penalty.

4. Unless the encouragement to waive the right to a jury trial unnecessarily burdens the exercise of the right, it is permissible. The articulated sentencing practice is analogous to the accepted practice of extending leniency in exchange for a guilty plea and is not constitutionally infirm. The trial court did not coerce the defendant's waiver because there is no indication that the defendant would have faced retaliatory sentencing had the defendant opted for a jury trial and the court's sentencing practice does not needlessly encourage waiver of the right to a jury trial.

5. The prosecutor's comment during closing argument that the failure of a defense witness to appear at trial was "convenient" was not error. It is permissible for a prosecutor to observe that the evidence against the defendant is uncontroverted or undisputed even if the defendant has failed to call corroborating witnesses. Although a defendant does not have a burden to produce any evidence, once the defendant advances evidence or a theory, argument with regard to the inferences created does not shift the burden of proof.

6. The evidence was sufficient to sustain the convictions.

Affirmed.

JANSEN, J., dissenting in part, stated that the defendant's convictions should be reversed and the matter should be remanded for a new trial on the basis that the trial court's procedure, whereby the defendant would have been punished for exercising his right to a jury trial by receiving a harsher sentence, needlessly chills a defendant's right to a trial by jury and renders involuntary any waiver of that constitutional right. A defendant has a constitutional right to a trial by jury and cannot be penalized for exercising that right. A trial court determining a defendant's sentence may not take into consideration the fact that the defendant pleaded guilty or refused to plead guilty or waived a jury trial or refused to waive one. Rewarding a defendant with a more lenient sentence for waiving a jury trial necessarily punishes the defendant for exercising the right to a jury trial by giving that defendant a harsher sentence. The coerced waiver of the right to a trial by jury is a structural

defect in the constitution of the trial mechanism that cannot be regarded as harmless.

1. SENTENCES — CONSTITUTIONAL LAW — ALTERNATIVE SENTENCING POSSIBILITIES.

A court in passing sentence may not consider factors that violate a defendant's constitutional rights; a court must not state or imply to a defendant alternative sentencing possibilities based on the defendant's future procedural choices, such as an exercise of the right to a trial by jury or the choice of a bench trial.

2. ATTORNEY AND CLIENT — CRIMINAL LAW — WAIVER OF JURY TRIAL.

Defense counsel does not provide improper advice by informing the defendant that conviction is likely in either a jury trial or a bench trial, that most judges, including the one presiding in the defendant's case, will provide a sentence concession to a defendant who elects a bench trial, and that the particular judge will provide a fair trial; although such advice might cause the defendant to waive the constitutional right to be tried by a jury, the advice is not the equivalent of a warning that the defendant will be penalized for opting for a jury trial and does not render a resulting bench trial involuntary or the product of coercion; such a waiver of the right to a jury trial is informed, not coerced.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — WAIVER OF JURY TRIAL.

The prospect of leniency if a right is waived is not the equivalent of a penalty for the exercise of the right; where there is no express or implied threat of punishment for exercising the constitutional right to a jury trial, such a threat does not emerge solely from a defendant's expectation of leniency, based on the trial court's practice of exercising leniency in sentencing defendants who waive the right to a jury trial and receive a bench trial, where the right is waived.

4. SENTENCES — CONSTITUTIONAL LAW — WAIVER OF JURY TRIAL — ALTERNATIVE SENTENCING POSSIBILITIES.

A trial court's sentencing practice whereby the court sentences a defendant convicted by a jury to a valid sentence and does not engage in retaliatory sentencing for the defendant's decision to have a trial by a jury, but exercises leniency by reducing an otherwise valid sentence for a defendant who waives the right to a jury trial and opts for a bench trial, does not needlessly encourage waiver of the right to a jury trial or coerce the defendant's waiver and is not constitutionally infirm.

5. CRIMINAL LAW — TRIAL — PROSECUTORIAL COMMENTS.

A prosecutor may state that the evidence against the defendant is uncontroverted or undisputed even if the defendant did not call corroborating witnesses.

6. CRIMINAL LAW — EVIDENCE — BURDEN OF PROOF.

A criminal defendant has no burden to produce any evidence; however, once the defendant advances evidence or a theory, prosecutorial argument regarding the inferences created by the evidence or theory does not shift the burden of proof.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *James Surowiec,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly, P.C.* (by *Craig A. Daly*), for the defendant.

Before: MARKEY, P.J., and JANSEN and WHITE, JJ.

WHITE, J. Following a bench trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, assault with intent to rob while armed, MCL 750.89; MSA 28.284, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to concurrent terms of four to twenty years' imprisonment for the armed robbery and assault with intent to rob while armed convictions, and the mandatory two-year consecutive term for the felony-firearm conviction. Defendant appeals as of right. We affirm.

At approximately 10:00 P.M. on March 6, 1995, a man later identified as defendant approached a car occupied by Ricky Gray and Veda Parker. Defendant took out a handgun, tapped on the driver's side window of the car, and demanded that the car door be opened. When the door was opened, defendant demanded Gray's wallet, Parker's purse, and their jewelry and any other personal belongings. Gray handed his wallet to defendant. Gray told the defendant that Parker's

purse was in the trunk and opened the trunk. Defendant then went to take Parker's purse from the trunk. At that point, a police car entered the parking lot, and defendant fled. The police apprehended defendant, and Gray identified him as the robber.

I

Defendant first contends that his waiver of the constitutional right to a jury trial was not voluntary because it was based on defense counsel's representation to him that if he proceeded with a jury trial, he would receive a harsher sentence.[1] We disagree.

A valid waiver of the constitutional right to a trial by jury must be voluntary. MCR 6.402(B); *People v Shields*, 200 Mich App 554, 560-561; 504 NW2d 711 (1993). A court in passing sentence may not consider factors that violate a defendant's constitutional rights. *People v Miller*, 179 Mich App 466, 469; 446 NW2d 294 (1989). A court must not state or imply alternative sentencing possibilities based on future procedural choices, such as an exercise of the right to a trial by jury or by the court. *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

Following his convictions and sentencing, defendant moved for a new trial, challenging the voluntariness of his waiver of a jury trial. The transcript of the hearing regarding defendant's motion for a new trial supports the trial court's findings that defendant's

---

[1] Defendant does not argue that the trial court failed to comply with MCR 6.402(B), and the transcript shows that the trial court complied with that rule. Defendant acknowledged to the court that he had signed the form stating that he was voluntarily relinquishing his right to a trial by jury and electing to be tried by the court. The court advised defendant of his constitutional right to a trial by jury and ascertained that defendant knew what a jury trial was and that he wanted the court to hear the case.

trial counsel advised defendant that there was a high probability of conviction before either a jury or a judge, that the judge had substantial sentencing discretion within the guidelines range and usually sentenced within the guidelines, and that choosing a bench trial would save defendant some time in prison. The trial court rejected defendant's testimony that trial counsel told him that a conviction by a jury would result in a maximum sentence.

Defendant and the dissenting judge argue that an implied promise of leniency if a jury trial is waived is the equivalent of an implied threat of punishment if the right to a jury trial is exercised. There is a certain logical symmetry to that premise, but, in the words of Justice Oliver Wendell Holmes, "[t]he life of the law has not been logic: it has been experience." Holmes, The Common Law (1881), p 1.

The advice defense counsel gave defendant was based on reality and is neither uncommon nor improper. See, e.g., LaFave & Israel, Criminal Procedure (Hornbook Series, 2d ed), § 22.1(h), p 961 (noting with regard to waiver of a jury trial that "[j]ury waiver tends to vary depending upon the offense category, and the pattern is similar to that for guilty pleas, suggesting that the motivations are similar: the expectation of a lesser sentence"); *Carter v Holt*, 817 F2d 699, 700 (CA 11, 1987) (holding that the defendant was not denied effective assistance of counsel although defense counsel advised the defendant to waive a jury trial in part on the basis of his belief that "the likely punishment would be less in a bench trial").

To be sure, informing a defendant that he is likely to be convicted in either a jury trial or a bench trial,

that most judges, including the one presiding in the defendant's case, will provide a sentence concession to a defendant who elects a bench trial, and that the particular judge hearing the case will provide a fair trial, might, indeed, cause the defendant to waive the constitutional right to be tried by a jury. That advice, however, is not the equivalent of a warning that the defendant will be penalized for opting for a jury trial, and it does not render a resulting bench trial involuntary or the product of coercion. Such a waiver is informed, not "coerced."

The trial judge's statements at the posttrial hearing regarding defendant's motion for a new trial made clear that it was the judge's practice to provide a sentence concession to defendants who waive a jury trial, but it was not the judge's practice to penalize defendants at sentencing for exercising the right to a jury trial.[2] The judge said:

> The fact is if any trial Judge ever punished somebody for the exercise of the right to a trial by jury, such trial Judge ought to be barred from ever being a trial Judge again. I am not so dumb as to think that there may [sic] be some Judges who do that. I doubt that there are as many as the literature—I don't mean the legal literature—as the public might think or that sometimes defense lawyers may claim. But I think on occasion it's occurred. It certainly has never occurred in my courtroom ever. . . .
>
> *     *     *
>
> . . . [W]hen I sentence somebody who has a jury trial in front of me, I owe them nothing except what the law gives them. . . . I consider the seriousness of the offense, the background of the offender, I read the Pre-sentence Report,

---

[2] Just as the Court did in *People v Earegood*, 383 Mich 82; 173 NW2d 205 (1970), we take the trial judge at his word.

I myself determine what I think an appropriate sentence is, then I score the guidelines. If the sentence I've determined is within guidelines that becomes the sentence the defendant gets. If the sentence I determine is above guidelines then I strive mightily to bring it down within guidelines. If the sentence is below guidelines I don't strive as mightily to raise it, but I do on occasion raise it to put it within guidelines. But that's actually functionally how I sentence. But if it is a bench trial and I score it, then I lower the sentence to reflect the fact—before I even score the guidelines—to reflect the fact that is [sic] been a bench trial. And somebody may say why do you do that? That's easy. And here's where I get to the semantics issue with Mr. Daly [defendant's appellate counsel]. When I first was on the bench 85 percent of my trials were jury trials. So I would conduct 50 trials a year, 40 or more of which were jury trials. Then we progressed to being able to try 75 cases per year because maybe 35 were jury and 40 were bench. I can now try on average 100 cases a year because 20 will be jury trials and 80 will be bench trials. For the last year that I kept all of the collected statistics, that was for the full year of 1994, I had 104 trials, 19 were juries, four of which were hung. And well, the remainder would all be bench trials. . . . And my docket now is current. I'm among the most current Judges in this bench. . . . *And why do defendant's* [sic] *waive? Because their attorneys tell them precisely what Mr. Evelyn* [defendant's trial counsel] *said he told Mr. Godbold in this case. The attorney makes a judgment about the likelihood of winning or losing either before a bench trial or a jury trial. I want attorneys to tell defendants. I've never told them to tell them that, but I do want attorneys to tell defendants that they're going to get a sentence confession* [sic concession] *for a bench trial if they do. That does not mean the flip side, that they get punished for exercising their right to trial because they do not. It is simply that the Court owes the defendant nothing for saving the Court time.*

. . . Now, the United States Supreme Court and the Michigan Supreme Court have recognized where parties come together and they plea bargain, a Judge is perfectly right to

lower sentences in light of the saving of court time. If that
is recognized in a plea based system, it certainly ought to
be recognized in a waiver based system . . . .

The sentencing transcript does not suggest, nor
does defendant argue, that the trial court based
defendant's sentence on any factor other than proper
sentencing considerations. Thus, the question is
whether a system that allows judges to reduce other-
wise valid sentences for defendants who opt for
bench trials necessarily punishes defendants who opt
for jury trials, or needlessly encourages waiver.[3]
*United States v Jackson*, 390 US 570; 88 S Ct 1209; 20
L Ed 2d 138 (1968).

To find that defendant's waiver was coerced, one
must conclude either that defendant would have been
punished for opting for a jury trial or that defendant's
receiving a lesser sentence after a waiver of a jury
trial is the equivalent of punishing him for the exer-
cise of the right to a jury trial. As discussed above,
there is no basis for concluding that, had defendant
exercised his right to a jury trial, the court would
have considered his exercise of his right to a jury trial

---

[3] Defendant waived his right to a trial by jury through a waiver pro-
ceeding that was proper on its face. He received a sentence concession
for the waiver and presumably does not challenge his sentence as too
lenient. He did not exercise his right to a jury trial and so cannot com-
plain that he was penalized for the exercise of that right. To the extent he
asserts that the consideration for the waiver was illusory because no defi-
nite sentence was discussed, he has not shown that he did not receive a
concession and, further, defense counsel made an informed prediction,
not a promise, and defendant made a choice on the basis of sound advice,
rather than a promise. No more is required. Thus, having waived the right
to trial by jury in a proper proceeding, defendant's only cognizable chal-
lenges are that the waiver was coerced because the promise of leniency if
the right to a jury trial is waived is the equivalent of punishment for exer-
cising the right, or that the promise of leniency unnecessarily encourages
the waiver of the right.

as a factor in fashioning defendant's sentence after conviction by a jury. The record is to the contrary.[4]

The prospect of leniency if a right is waived is not the equivalent of a penalty for exercise of that right. *Corbitt v New Jersey*, 439 US 212, 219-220; 99 S Ct 492; 58 L Ed 2d 466 (1978). The analysis of the dissenting opinion would suggest that the multitude of defendants who have waived jury trials or pleaded guilty on the basis of expectation of some degree of leniency in sentencing have done so involuntarily, as the result of coercion. The sentencing practice articulated by the judge in the instant case is common, and is either infirm or not, without regard to whether the judge candidly acknowledges the practice. An appeal in a jury waiver case cannot hinge on whether a particular trial judge articulated the judge's practice on the record. We hold that where there is no express or implied threat of punishment for exercising the constitutional right to a jury trial, such a threat does not emerge solely from the expectation of leniency, based on such a sentencing practice, where the right is waived.

While the consequence of exercising the right to a jury trial before a judge who has such a sentencing practice may be the imposition of a greater individualized sentence than the individualized sentence that would have been imposed had the right to a jury trial been waived, it does not follow that the greater sentence is a punishment or penalty. If the practice as described by the judge in the instant case were truly

---

[4] In the cases the dissent relies on, the Court proceeded on the premise that retaliation or punishment for the exercise of a constitutional right was involved.

to be eliminated,[5] then all defendants would, at least
in theory, receive an individualized sentence as fash-
ioned by the trial judge based on the offense and the
offender, without regard to whether a jury is waived.
Under such a system, this defendant would have
received the necessarily higher individualized sen-
tence—necessarily higher because there would be no
concession for a jury waiver—whether he waived a
trial by jury or not. Thus, in such a regime, all defend-
ants would receive, as would this defendant had he
opted for a jury trial, a greater sentence not because
of the exercise of the right to a jury trial, but because
it is the proper sentence according to the law applica-
ble to sentencing decisions.

In order to find that the practice as articulated by
the trial judge here imposes a penalty on the exercise
of the right to a trial by jury, one must conclude that
defendant was entitled to a sentence concession with-
out regard to whether he waived his right to a trial by
jury. Thus, this Court must be prepared to hold that
all defendants—those who waive a trial by jury and
those who do not—have the right to the sentence
concession afforded defendant here, so that a trial
judge who has heretofore afforded sentence conces-
sions to defendants who waive the right to a trial by
jury must now afford the same concessions to those
who do not. All defendants would then be entitled to
an individualized sentence that is lower than the indi-
vidualized sentence that is based solely on the
offender and the offense. It is only by recognizing a
right to a sentence concession in all defendants that

---

[5] Also implicated is the practice wherein a jury is waived in the expec-
tation of being convicted of a lesser offense.

the Court can reach the conclusion that defendant would have been penalized had he opted for a jury trial. The Michigan Supreme Court might choose to impose such a requirement in the exercise of its supervisory power, but the constitution does not so require. See *Corbitt, supra.*

The question remains whether the articulated sentencing practice is unconstitutional because it needlessly encourages defendants to waive the right to a trial by jury. In *Corbitt, supra,* the United States Supreme Court upheld a New Jersey statute under which a defendant found guilty by a jury of first-degree murder faced a mandatory life sentence, but which permitted defendants facing such a charge to invoke a procedure permitting them to enter a non vult plea pursuant to which the trial judge was not obliged to fix the degree of murder between first and second degree and had the discretion to sentence the defendant either to mandatory life imprisonment or to a lesser term of years as provided for second-degree murder. The Court explained

> that not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid. Specifically, there is no *per se* rule against encouraging guilty pleas. We have squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea. [439 US 218-219.]

The Court further observed that "it is not [constitutionally] forbidden to extend a proper degree of leniency in return for guilty pleas," *id.,* p 223, and that its prior decisions "unequivocally recognize the constitutional propriety of extending leniency in exchange for a plea of guilty and of not extending leniency to those

who have not demonstrated those attributes on which leniency is based." *Id.*, p 224.[6]

As in *Corbitt*, defendant asserts that the promise of leniency if the right is waived needlessly encourages the waiver of the right. *Corbitt* recognizes that defendants are often put to difficult choices because the system offers opportunities to minimize risks by waiving rights. Unless the encouragement unnecessarily burdens the exercise of the right, it is permissible. We conclude that the sentencing practice here is analogous to the accepted practice regarding guilty pleas and is not constitutionally infirm.[7]

In sum, because there is no indication that had defendant opted for a jury trial, he would have faced "retaliatory sentencing," *People v Atkinson*, 125 Mich App 516, 518; 336 NW2d 41 (1983), and the practice does not needlessly encourage waiver of the right to a trial by jury, we conclude that the trial court did not coerce defendant's waiver. The trial court's statement, three months after trial, of its views and sentencing practices pertaining to the advantages to defendants

---

[6] In *Siers v Ryan*, 773 F2d 37, 41-43 (CA 3, 1985), the court rejected a constitutional challenge to the Philadelphia judicial assignment system under which the defendant asserted that he was forced to choose between a guilty plea before a lenient-sentencing waiver judge or a jury trial before a heavy-sentencing jury judge. See *id.*, p 41, n 4. The court concluded that the defendant's claim "must fail because the law is clear that a state 'is not forbidden to extend a proper degree of leniency in return for guilty pleas.' " *Id.* p 43, quoting *Corbitt, supra*. See also *United States v Narramore*, 36 F3d 845, 847 (CA 9, 1994), and *United States v Villasenor-Cesar*, 114 F3d 970, 975-976 (CA 9, 1997), involving claims that the application of the federal Sentencing Guidelines penalized the defendants for the exercise of protected constitutional rights.

[7] The dissent, *post*, p 528, n 3, assumes that guilty pleas always involve negotiated and known outcomes. However, this is not always the case; defendants often plead guilty without a charge concession or an express agreement regarding a particular sentence.

of opting for a bench trial did not render defendant's otherwise valid waiver involuntary.

II

Defendant next argues that the prosecutor denied him a fair trial when the prosecutor impermissibly shifted the burden of proof during closing argument by stating that the failure of a defense witness to appear at trial was "convenient."[8]

Defendant failed to object to the comment at trial. Appellate review of allegedly improper prosecutorial remarks is generally precluded absent an objection at trial because the trial court is otherwise deprived of an opportunity to cure the error. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). An exception exists if a curative instruction could not have eliminated the prejudicial effect or where failure to consider the issue would result in a miscarriage of justice. *Id.*

Upon review of the prosecutor's remarks in their proper context, we find no error. The prosecutor was merely attacking the weaknesses in defendant's version of what occurred. It is permissible for a prosecutor to observe that the evidence against the defendant is uncontroverted or undisputed even if the defendant has failed to call corroborating witnesses. *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995). Further, although a defendant has no burden to produce any evidence, once the defendant advances evidence or a theory, argument with regard to the inferences created does not shift the burden of proof. *Id.*

---

[8] The prosecution stated in closing argument that defendant "claims that he got a—he was with a friend who is conveniently not here."

### III

Defendant's final argument is that there was insufficient evidence presented to sustain the trial court's verdict. Defendant claims that the evidence was insufficient because defendant was not seen wearing the clothing worn by the robber as described by the complainants, no fingerprints were found on the gun used in the robbery, and defendant was identified only by his voice.

When determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended on other grounds 441 Mich 1201 (1992).

Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence to sustain defendant's identity as the robber and the trial court's verdict. Defendant matched the general description given of the robber (tall and slim), defendant was seen on a cold March night without a jacket coming from behind a building where the robber's jacket, weapon, and Gray's wallet were thereafter found, and defendant's voice was immediately identified by Gray and Parker as that of the robber when the police found defendant. Because the building was surrounded by an open field, the jury could infer that if there had been another person fleeing, the person could easily have been seen. Defendant was identified by the complainants in court and in the parking lot where the offense occurred. This evi-

dence, and all reasonable inferences drawn from it, was sufficient to sustain defendant's convictions of armed robbery, *People v Turner*, 213 Mich App 558, 569; 540 NW2d 728 (1995), assault with intent to rob while armed, *People v Cotton*, 191 Mich App 377, 391; 478 NW2d 681 (1991), and felony-firearm, *People v Davis*, 216 Mich App 47, 53; 549 NW2d 1 (1996).

Affirmed.

Markey, P.J., concurred.

Jansen, J. (*concurring in part and dissenting in part*). I concur with parts II and III of the majority's opinion that the prosecutor did not impermissibly shift the burden of proof during closing argument by stating that the failure of a defense witness to appear at trial was "convenient," and that there was sufficient evidence presented at trial to sustain the trial court's verdict. I must dissent, however, from the majority's decision to sanction the trial court's stated policy of giving defendants lower sentences for having a bench trial. I believe that such a policy should not be institutionalized because it punishes defendants who exercise their constitutional right to a jury trial.

Defendant's argument is that his constitutional right to a jury trial was not voluntarily waived because the waiver was based on defense counsel's representation to him that if he proceeded with a jury trial, he would receive a harsher sentence.

Following his convictions and sentencing, defendant moved through appellate counsel for a new trial, challenging the voluntariness of his waiver of a jury trial. An evidentiary hearing was conducted on March 22, 1996, and March 26, 1996. At the hearing held on

March 22, 1996, defense counsel admitted that he told defendant that if he elected to have a bench trial he would receive a less harsh sentence.[1] Specifically, defense counsel stated the following in response to questions by defendant's appellate counsel:

> A. I was concerned about the nature of the proofs against him, and I indicated to him on other occasions that we didn't have the strongest case in my view. . . . And I told him that if he had a trial by jury and was convicted, I felt that he would get a higher sentence. If he had a trial and was convicted with a Judge—I think the term I used was something in the nature of a safety net. I said that with regard to sentencing, it's the practice of most Judges—I felt that Judge Boyle would be no different—that if he had a non-jury trial in this case and if he was convicted—I also said that Judge Boyle would give him a fair trial. I said if

---

[1] Justice LEVIN has written rather forcefully regarding this practice in his dissenting statement when the Court denied leave to appeal in *People v Green*, 445 Mich 894; 519 NW2d 853 (1994):

> It is common, or common-place, for defendants to waive jury trial in Recorder's Court in expectation that the judge will find, or reward them with a finding of, guilt of a lesser offense, or with a reduced sentence on the charged offense, or both. It appears that with relatively few exceptions, the expectation is fulfilled. The practice is so endemic that it has become a factor in the decisional process whether to grant leave to appeal.
> In the instant case, we should grant leave to appeal to consider whether a trial judge must, at least in a first-degree murder case, affirmatively disabuse the defendant of any such expectation.
> We should also grant leave to appeal to consider whether the trial judge should have granted defendant Louis Green's motion to disqualify the judge from presiding at the posttrial hearing on Green's motion for a new trial, which asserted that his trial lawyer had promised that, if he would waive a jury trial, the judge would convict him of an offense less than first-degree murder.

On the basis of this statement, it appears that the majority will find support from our Supreme Court; however, the institutionalizing of this procedure has serious constitutional and social implications. Herding criminal defendants through trial courts under the guise of efficiency does not equate to justice.

they didn't have enough proof to convict him, he would be found not guilty, but if he were convicted, I felt that his sentence would have [sic] less than it would have been if he were convicted by a jury.

\*    \*    \*

*Q.* You told him that there may be a difference in the sentence he could received [sic] if he was convicted by a trial with a jury or a trial with a Judge?

*A.* Yes.

*Q.* And specifically, you said that it was your opinion that he would get more time if convicted before a jury?

*A.* In effect, I told him that he would get less time if he were convicted by a Judge.

*Q.* That was the message you were trying to convey to him essentially, that if he got convicted after a trial by a jury, he could get more time; is that correct?

*A.* I was explicit about that, yes.

At the hearing conducted on March 26, 1996, defendant testified that his trial counsel told him that if he had a jury trial and was found guilty, the trial court would give him the maximum possible sentence. However, if defendant elected a bench trial, then he would receive a sentence within the guidelines range. Defendant maintained that he wanted a jury trial, that he was innocent of the charges against him, and that he elected a bench trial only because of trial counsel's representations to him concerning sentencing. Although the trial court denied defendant's motion for a new trial, it made the following observations on the record:

But if it is a bench trial and I score [the sentencing guidelines], then I lower the sentence to reflect the fact . . . that [it] is [sic] been a bench trial. . . . And my docket now is current. I'm among the most current Judges in this bench. I am consistently within the top if you exclude the four

Judges—there are three or four of us that compete to be at the top and have the most timely dockets, and the reason I am able to do that is because defendant's [sic] waive. And why do defendant's [sic] waive? Because their attorneys tell them precisely what [defense counsel] said he told Mr. Godbold in this case. The attorney makes a judgment about the likelihood of winning or losing either before a bench trial or a jury trial. I want attorneys to tell defendants. I've never told them to tell them that, but I do want attorneys to tell defendants that they're going to get a sentence con[c]ession for a bench trial if they do. That does not mean the flip side, that they get punished for exercising their right to trial because they do not. . . .

\*     \*     \*

. . . Now, the United States Supreme Court and the Michigan Supreme Court have recognized where parties come together and they plea bargain, a Judge is perfectly right to lower sentences in light of the saving of court time. If that is recognized in a plea based system, it certainly ought to be recognized in a waiver based system . . . . That there's nothing wrong with creating a legal and cultural mill in which defense lawyers can tell [a] client, "You're going to get convicted by a jury, and you're going to get convicted by a Judge and that's my professional advise [sic]." However, it will lower the sentence if it's a bench trial.

It is a well-established rule that a trial court may not take into consideration the fact that the defendant pleaded guilty or waived a jury trial in determining the term of the sentence. *People v Earegood*, 383 Mich 82, 85; 173 NW2d 205 (1970). A trial court may not take into consideration a defendant's decision to exercise his constitutional right to a jury trial, or a defendant's refusal to plead guilty, in determining the term of the sentence. *People v Snow*, 386 Mich 586; 194 NW2d 314 (1972); *People v Mosko*, 190 Mich App 204, 211; 475 NW2d 866 (1991), aff'd on other grounds

441 Mich 496; 495 NW2d 534 (1992); *People v Hogan*, 105 Mich App 473, 486; 307 NW2d 72 (1981); *People v Travis*, 85 Mich App 297, 303; 271 NW2d 208 (1978); *People v Bottany*, 43 Mich App 375, 385; 204 NW2d 230 (1972). As succinctly stated in *People v Atkinson*, 125 Mich App 516, 518; 336 NW2d 41 (1983), "no accused person should face the dilemma of either waiving trial or facing retaliatory sentencing as a consequence of insisting on a trial." Moreover, in *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993), our Supreme Court held that to avoid the potential for coercion, a trial court must not state or imply alternative sentencing possibilities that could result from the defendant's future procedural choices, such as an exercise of the defendant's right to a trial by jury or by the court.[2]

The constitutional right to a trial by jury, US Const, Am VI; Const 1963, art 1, § 14, "is among the most fundamental rights provided by our judicial system." *People v Rodgers*, 119 Mich App 767, 771; 327 NW2d 353 (1982). A defendant's waiver of the constitutional right to a trial by jury must be voluntary. MCR 6.402(B); *People v Shields*, 200 Mich App 554, 560-561; 504 NW2d 711 (1993). The courts will not permit a procedure that needlessly chills the exercise of a constitutional right, such as the right to a trial by jury. *Rodgers, supra,* p 770. Further, courts indulge every reasonable presumption against waiver of fundamental constitutional rights. *Johnson v Zerbst*, 304 US

---

[2] The majority, *ante*, p 517, n 4, criticizes my reliance on these cases involving claims of retaliation or punishment for the exercise of a constitutional right. This appears to be a distinction with no real difference. If a defendant is threatened with receiving a harsher sentence for opting for a jury trial, then this serves to effectively chill exercising the right to a trial by jury.

458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938). I would conclude that the trial court's stated procedure of giving a more lenient sentence if the defendant waives the right to a jury trial rendered defendant's waiver in this case to be involuntary. The trial court's procedure needlessly chills a defendant's right to a trial by jury.

In a case such as this, involving the waiver of a trial by jury, there is no bargaining between the defendant and the prosecutor such as in a plea bargain. In a plea bargain situation, the defendant and the prosecutor will bargain for the exchange of the defendant's constitutional rights with a reduction in the charges or the waiver of certain charges, or with a specific sentence agreement probably representing a fairly lenient sentence. In a plea bargain situation, the defendant knows exactly what he will receive, and bargains openly with the prosecutor for the outcome. When a defendant waives his right to a jury trial, there is no such exchange between the defendant and the prosecutor. The prosecutor offers the defendant nothing in exchange for waiving the right to a jury trial. Therefore, I disagree with the majority's attempt to analogize a guilty plea situation with a bench trial situation. The two are simply not analogous. In a bench trial situation, the defendant bargains for nothing; the trial court decides both the verdict and the sentence. Therefore, a defendant does not know, or participate in, the outcome of a bench trial.[3]

---

[3] The majority's reliance on *Corbitt v New Jersey*, 439 US 212; 99 S Ct 492; 58 L Ed 2d 466 (1978), is misplaced because *Corbitt* involved a guilty plea situation. Guilty pleas involve participation and negotiation by the defendants, and the defendants know exactly what they will receive at the end of that negotiation.

The majority's assertion that the "analysis of the dissenting opinion would suggest that the multitude of defendants who have waived jury trials or pleaded guilty on the basis of the expectation of some degree of leniency in sentencing have done so involuntarily, as the result of coercion," *ante*, p 517, is simply not correct. As has been stated, there is a very real difference between a guilty plea and a bench trial. Rather, the real issue is whether it is inherently coercive to inform defendants that they will receive a harsher sentence if they exercise their constitutional right to a jury trial thereby rendering their waiver of that right to be involuntary. Therefore, the majority's insistence that the trial court based defendant's sentence on proper sentencing considerations does not address defendant's principal argument.

Further, the trial court's claim that it will give a more lenient sentence to the defendant if the defendant elects a bench trial is actually illusory to the defendant because the trial court does not state before trial what the sentence will be if the defendant chooses a bench trial or if the defendant continues with a jury trial. Therefore, there is no record support for the defendant that he would receive a more lenient sentence if he elects a bench trial because the defendant has no idea what the sentence might be either way. As such, it is difficult to know whether the defendant truly received a "benefit" in this case. There is no benefit to the defendant where the defendant does not know the exact sentencing consequences of waiving his right to a jury trial other than the trial court's assertion that the sentence will be lower.

I cannot sanction the trial court's actions in this case. To do so would effectively punish a defendant for exercising his constitutional right to a jury trial. Legal scholars have commented on the institutionalization of differentiating between jury trials and bench trials:

> Jury waiver, although largely a matter of regional custom, tends to vary depending upon the offense category. The pattern is similar to that for guilty pleas, suggesting that the motivations are similar. "Paramount is the expectation of a lesser sentence if the conviction comes in a bench trial rather than from a jury, just as the plea of guilty carries a lesser sentence than the verdict of guilty. The defendant who does not want to wholly deprive himself of the possibility of an acquittal, but wants to assure a modicum of leniency in case of conviction, might be moved to waive the jury. There is some modest evidence that jury waiver may accomplish this." [LaFave & Israel, Criminal Procedure (Criminal Practice Series, 1984), § 21.1(h), p 704, quoting Kalven & Zeisel, The American Jury (1966), pp 26-27.]

However, as LaFave & Israel have stated, institutionalizing this differential is unconstitutional. See Kalven & Zeisel, *id.*, pp 26-27; *United States v Jackson*, 390 US 570; 88 S Ct 1209; 20 L Ed 2d 138 (1968) (a statute declaring that a defendant can receive the death penalty only if recommended by a jury, and that the penalty can be avoided by waiving a jury trial or by pleading guilty, is unconstitutional because the inevitable effect is to discourage the assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial); *State v Dansinger*, 521 A2d 685 (Me, 1987) (even absent a statutory scheme such as in *Jackson*, a trial court's action expressly basing a higher sentence

on the defendant's exercise of the right to a jury trial is constitutionally impermissible).

The trial court's conclusion that rewarding a defendant for electing a bench trial that saves the court's time does not necessarily translate to punishing a defendant for exercising the constitutional right to a jury trial is incongruous. It, of course, necessarily follows that rewarding a defendant with a more lenient sentence for waiving a jury trial punishes the defendant for exercising the right to a jury trial by giving that defendant a more harsh sentence. A defendant has the constitutional right to a jury trial and cannot be penalized for exercising that right. *Mosko, supra,* p 211.

I would hold that defendant's waiver of his right to a jury trial was involuntary in this case. Defendant was told by defense counsel that the trial court would consider at sentencing whether defendant waived a jury trial and that defendant would receive a more lenient sentence if he waived a jury trial and was convicted. Defendant also stated that he wanted a jury trial and waived it only because of these representations by counsel. The trial court's statements on the record show that defendant would indeed have been punished for exercising his right to a jury trial by receiving a more harsh sentence.[4] Such conduct chills a defendant's right to a jury trial and renders any waiver of that constitutional right involuntary. The

---

[4] The majority's assertion that there is no basis to conclude that defendant's exercise of his right to a jury trial would have been considered in fashioning the sentence after a conviction by a jury is incorrect. The trial court stated at the evidentiary hearing on March 26, 1996, "There's no question in my mind Mr. Godbold would have been convicted in five minutes by a jury in this case and the sentence would have been higher than the sentence I imposed."

coerced waiver of the right to a trial by jury is a structural defect in the constitution of the trial mechanism that cannot be regarded as harmless. *People v Anderson (After Remand)*, 446 Mich 392, 405; 521 NW2d 538 (1994); *Rodgers, supra*, p 771.

I would reverse and remand for a new trial.