*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 29, 2021

Plaintiff-Appellee,

v

No. 351577
Wayne Circuit Court
LC No. 18-006895-01-FH

KENNETH ALAN HAYES,

Defendant-Appellant.

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Defendant, Kenneth Alan Hayes, appeals as of right his conviction and sentence of larceny by conversion of $1,000 or more but less than $20,000, in violation of MCL 750.362. Defendant contends he was deprived of a fair trial due to prosecutorial misconduct and that the trial court plainly erred with respect to the restitution award, with alternative arguments of ineffective assistance of counsel as to both issues. We affirm in part, vacate in part, and remand for further proceedings.

## I. FACTUAL BACKGROUND

While cleaning the victim's house gutters for a fee in November 2017, defendant told the victim there was some rotting wood around her bay window. The victim agreed to have defendant make the necessary repairs for $2,700, and on December 1, 2017 she paid him $700 up front. In the process of making these repairs on December 4, 2017, defendant told the victim there was a hole in her roof. The victim agreed to hire defendant to reroof half of her home for $4,700, and paid $3,000 that day. On December 6, 2017, defendant requested and the victim paid the remaining balance of $3,700 for the two projects, based on defendant's representations that the work would be finished that day. Instead, defendant and his men left without finishing the roof job. On December 19, 2017, defendant returned with his men, claimed that the roof work would be done in half a day, and told the victim that her attic needed insulation, at a cost of $6,500, and her chimney needed pointing, at a cost of $1,100. The victim gave defendant a check for $5,000 as a down payment for these additional repairs. Within 30 minutes of receiving the check, defendant and his men were gone and the work was not done, leaving half of the victim's roof

-1-

stripped of shingles with some tarps thrown over the exposed wood. At some point, defendant worked on the chimney.[1]

From December 19, 2017 to January 11, 2018, the victim called defendant between 10 and 50 times to inquire about the completion of the job. Defendant initially returned her calls, providing various excuses, but he eventually stopped returning her calls. On January 11, 2018, at the victim's summoning, defendant came to her house to look at a leak in her bathroom ceiling caused by the movement of a roof tarp. In February 2018, the victim's ceiling began leaking in multiple places in the area of the unfinished roof. A few leaks grew to 21 or 23 leaks. Defendant did not respond to the victim's repeated frantic phone calls and texts, and she eventually had to pay $5,400 to have another company complete the roofing job that defendant had left unfinished. However, by this point, the leaks had caused "extreme" damage to her home.

After waiting several months to hear from defendant, the victim determined that he was not going to return her calls and made a statement at the police station on June 8, 2018. Detective Jeremy Pittman contacted defendant and arranged for him to come in to the police station to discuss the matter on three separate occasions, but defendant did not appear for any of the meetings. Defendant was charged with one count of larceny by conversion of $1,000 or more but less than $20,000, and one count of larceny of $1,000 or more but less than $20,000. A jury found defendant guilty of the larceny-by-conversion charge. The trial court sentenced defendant as a fourth-offense habitual offender to 3 to 10 years' incarceration[2] and required him to pay $12,300 in restitution. This appeal followed.

## II. PROSECUTORIAL MISCONDUCT

Defendant first argues that the prosecutor's questioning of defendant's girlfriend, Sabrina Turner, and his closing argument contained statements that impermissibly shifted the burden of proof onto defendant. In the alternative, defendant contends that his trial counsel provided ineffective assistance by failing to object to the prosecutor's impermissible statements. We disagree.

## A. STANDARDS OF REVIEW

Issues of prosecutorial misconduct are generally reviewed de novo to determine whether the defendant was denied a fair and impartial trial. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). However, unpreserved claims of prosecutorial misconduct are reviewed for plain error. *Id.* The plain error standard of review requires that "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The

---

[1] It is not clear if defendant did the work, or if the victim assumed that he did. Asked at trial whether defendant finished the work, the victim responded that she did not get up on the roof and look, but that no subsequent service provider had to do any tuck pointing. In her statement at sentencing, the victim said that defendant finished some tuck pointing.

[2] Punishment for defendant's violation of MCL 750.362 is set forth in MCL 750.356(3)(a).

third requirement generally requires a showing of prejudice, that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Claims of ineffective assistance of counsel are mixed questions of fact and law. *Strickland v Washington*, 466 US 668, 698; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Findings of fact are reviewed for clear error, and questions of law are reviewed de novo. *LeBlanc*, 465 Mich at 579. Clear error exists where the reviewing court is left with a definite and firm conviction that the trial court made a mistake. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). Review of unpreserved claims of ineffective assistance of counsel is limited to mistakes apparent on the trial court record. *People v Seals*, 285 Mich App 1, 19-20; 776 NW2d 314 (2009).

## B. LAW AND ANALYSIS

The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). A reviewing court evaluates prosecutorial statements as a whole, in light of a defendant's arguments "and the relationship they bear to the evidence admitted at trial." *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005).

A prosecutor cannot comment on a defendant's failure to present evidence or provide a reasonable explanation for damaging evidence because it is an attempt to shift the burden of proof. *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). In addition, prosecutors cannot make arguments on the basis of testimony that was not entered into evidence. *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). However, while "a defendant has no burden to produce any evidence, once the defendant advances evidence or a theory, arguments with regard to the inferences created does not shift the burden of proof." *People v Godbold*, 230 Mich App 508, 521; 585 NW2d 13 (1998). Prosecutorial remarks that would otherwise be improper generally do not require reversal if they are made in response to issues raised by defense counsel. *People v Duncan*, 402 Mich 1, 16; 260 NW2d 58 (1977). Prosecutors may also argue that a particular witness is not worthy of belief. See *Dobek*, 274 Mich App at 66. Once the defendant advances a theory of the case, the prosecutor may comment on the weakness of the defendant's theory and the defendant's failure to call corroborating witnesses. *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005). In addition, if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction, the comments do not constitute misconduct. *People v Green*, 228 Mich App 684, 693; 580 NW2d 444 (1998).

In this case, defendant called his girlfriend, Sabrina Tanner, as a defense witness, as she assisted him with the running of his business. On cross-examination, the prosecutor asked Turner why defendant's employees had not testified on defendant's behalf despite being able to do so. The prosecutor also questioned Turner about receipts for building materials that were not in evidence, asking, "Did you think they were important to bring today?" During closing argument, the prosecutor stated:

> Remember, according to their story, there were multiple employees who were there; right? . . . . If it's true that they had done the work that was requested, they had the ability to bring the witnesses in. They know who they are; right? You didn't hear

from them at all. They said, oh, well, you know, we went to the construction company, or we went to the supply house and we bought all these supplies. They don't have any receipts for that . . . . [W]here's the bank statements that prove that . . . ? They don't have any of that. They have access to all of that; right? Where is it? Where is the evidence that supports their story?

Defendant contends the prosecutor committed misconduct by commenting on his failure to present evidence, as the prosecutor referenced witnesses and receipts not in evidence and arguably inferred that their presence would have been detrimental to defendant. However, the prosecutor's comments do not constitute reversible misconduct for two reasons.

First, a prosecutor may comment on the weaknesses in a defendant's theory of the case, once advanced, including the failure to call corroborating witnesses. *McGhee*, 268 Mich App at 635. The prosecutor in this case was doing exactly that: commenting on the weaknesses in defendant's case and highlighting the fact that defendant had not produced witnesses in support of his defense theory. Defendant's theory of the case was that the evidence would show that he lacked the requisite intent to steal. According to defendant, he had completed two of the three contracts made with the victim, and, although circumstances prevented him from completing the third contract before the victim's insurance company became involved, he had not abandoned the work. Turner, who functioned essentially as defendant's business manager, supported the defense theory by testifying to how the payroll logs and receipts for materials purchased indicated defendant's intent to continue work on the project, and the prosecutor's questions and observations were in reference to this theory. Under these circumstances, the prosecutor's questions and statements did not impermissibly shift the burden and do not constitute misconduct. See *Godbold*, 230 Mich App at 521.

Second, assuming for the sake of argument that the prosecutor's comments were prejudicial, any prejudicial effect could have been cured by a timely instruction. *Green*, 228 Mich App at 693. The prosecutor made clear to the jury that he had the burden to prove the elements of the crime beyond a reasonable doubt. The circuit court also instructed the jury regarding the prosecutor's burden, and that the lawyers' questions and arguments were not evidence. These statements were sufficient to dispel whatever minimal amount of prejudice may have resulted from the prosecutor's comments. See *id*.

Defendant argues that, because the case was a credibility contest, the prejudicial effect of the prosecutor's comments was significant, and he finds this case similar to *People v Grandy-Johnson*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2016 (Docket No. 325110).[3] Aside from it being an unpublished, nonbinding opinion, we reject the comparison. In *Grandy-Johnson*, the prosecutor made several statements in her closing argument suggesting that the failure of a witness to testify on defendant's behalf meant that the defendant was guilty. *Id.* at 4. We held that those statements impermissibly shifted the burden of proof to the defendant. *Id*. at 3. This case is distinguishable from *Grandy-Johnson* because in that case, the defendant did not testify and did not present any evidence. *Id*. at 1. Thus, the prosecutor was not permitted to

---

[3] In Michigan, unpublished cases lack precedential authority. MCR 7.215(C)(1).

comment on the defendant's failure to present evidence or provide a reasonable explanation for damaging evidence. *Fyda*, 288 Mich App at 463-464; *Unger*, 278 Mich App at 236. Here, defendant called Turner to support his theory of the case, and the prosecutor was entitled to comment on the weakness of the defendant's theory and the defendant's failure to call corroborating witnesses. *McGhee*, 268 Mich App at 635.

In sum, reversal is not warranted because there was no misconduct by the prosecutor. Even assuming error, any potential prejudice resulting from the prosecutor's comments was alleviated by the prosecutor's statements to the jury regarding the burden of proof and the court's instruction that the attorneys' statements are not evidence. Moreover, a timely curative instruction could easily have removed any potential prejudicial effect of the prosecutor's statements. Therefore, there is no clear error and reversal is not warranted.

Defendant contends that trial counsel rendered ineffective assistance by failing to object to the prosecutor's comments. Defendant's claim falls short in light of the above analysis. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005). To succeed on a claim of ineffective assistance of counsel, a party must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Because the prosecutor's statements were not improper under the circumstances, trial counsel "cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998). Moreover, even assuming the prosecutor wrongly implicated a burden of proof on defendant's part, any prejudicial effect of the prosecutor's statements was alleviated as described above. Defendant has not established a reasonable probability that, but for counsel's failure to object to the prosecutor's comments, the outcome of the proceeding would have been different. Without establishing both prongs of his ineffective assistance claim, defendant cannot prevail.

## III. RESTITUTION AWARD

Defendant also argues that the court erred in ordering him to pay $12,300 in restitution because $2,700 of the amount was for work that defendant had already completed. The amount of restitution, defendant argues, should be amended to $9,600. In the alternative, defendant argues that defense counsel prejudiced him by providing ineffective assistance of counsel in failing to object to the erroneous restitution amount. We agree.

## A. STANDARD OF REVIEW

A court's calculation of a restitution amount is reviewed for an abuse of discretion. *People v Corbin*, 312 Mich App 352, 361; 880 NW2d 2 (2015). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016) (quotation marks and citation omitted). However, unpreserved challenges to a restitution amount are reviewed under the plain error standard of review. *Carines*, 460 Mich at 761-762. As previously indicated, the plain error standard of review requires that "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires

a showing of prejudice, that the error affected the outcome of the lower court proceedings." *Id*. at 763.

## B. LAW AND ANALYSIS

The Michigan Crime Victim's Rights Act (CVRA) provides victims a statutory right to restitution MCL 780.751 *et seq*. Specifically, in accordance with the CVRA, a sentencing court must order a convicted defendant to "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate." MCL 780.766(2). "[T]he focus is consistently not on what a defendant took, but what a victim lost because of the defendant's criminal activity." *People v Gubachy*, 272 Mich App 706, 713; 728 NW2d 891 (2006). The statute defines a "victim" as an individual "who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime." MCL 780.766(1). Full restitution is restitution that is "complete, entire, and maximum." *People v Garrison*, 495 Mich 362, 368; 852 NW2d 45 (2014) (quotation marks and citation omitted). "MCL 780.766(2) requires a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded." *People v McKinley*, 496 Mich 410, 421; 852 NW2d 770 (2014).

In this case, the court determined the $12,300 restitution amount at the sentencing hearing. The court based the restitution amount on the understanding that the victim paid defendant a total of $12,400 for the roofing job and the insulation job, neither of which defendant completed, and the tuck pointing of the chimney, which defendant appears to have completed. The victim also paid her insurance company a deductible of $1,000 for repairs to the interior of her house caused by the leaking roof. This creates a total of $13,400. The circuit court subtracted from this total the $1,100 amount that the victim paid to defendant for the work he completed on her chimney, resulting in a total of $12,300.

Defendant argues that the restitution amount should be $9,600. Defendant bases this contention on the claim that he completed the work from the December 1, 2017 invoice for which the victim paid $2,700. The $2,700 amount defendant references in his brief was the amount he quoted the victim for the repair of the rotten wood around one of her windows and the installation of a new gutter above that window. She paid him $700 of that amount on December 1, 2017, then paid the rest on December 6, 2017. Subtracting that $2,700 amount from $12,300 leads to a restitution amount of $9,600. Defendant maintains that this error affected the fairness and integrity of his sentence.

At the sentencing hearing, the following colloquy occurred between the court and the victim:

> THE COURT. And I believe at the trial there was testimony about fixing something around the window, and that you paid him for part of that. Was this part of this $12,000 or was that a separate –
>
> THE VICTIM. That was before. That was not –
>
> THE COURT. So that is not – that was a separate check you wrote him that you're not asking for restitution?

-6-

THE VICTIM. Right, for --

THE COURT. Right. Okay. So the roofing and the insulation were the $12,400 and the end tuck pointing?

THE VICTIM. Yes.

THE COURT. And it was 1,100 for the tuck pointing, and you said he did do that?

THE VICTIM. Yes

THE COURT. Anything further from the People with regard to restitution?

THE PROSECUTION. No, your Honor.

As the foregoing shows, both the court and the victim believed that $12,400 represented what the victim paid defendant for roofing, insulation work, and tuck pointing, and that this amount did not include the $2,700 she paid defendant for his initial work around her bay window. At trial, the victim testified that defendant completed the window work to her satisfaction, and she said at the sentencing hearing that she was not seeking restitution for that work. However, the record shows that the victim paid defendant a total of $12,400,[4] which includes $2,700 charged for the work around the victim's window.

A court calculates restitution on the basis of the actual loss suffered by the victim, *People v Bell*, 276 Mich App 342, 347; 741 NW2d 57 (2007), and which "should be based upon the evidence," *Gubachy*, 272 Mich App at 713 (quotation marks and citation omitted). In the present case, the restitution award of $12,300 is clear error. The starting point for the court's calculation erroneously included $2,700 the victim had not actually lost and for which she was not seeking restitution. Accordingly, defendant is entitled to a $2,700 reduction in his restitution obligation.

In light of our disposition of this issue, we need not address defendant's claim that counsel's failure to object to the restitution amount constituted ineffective assistance.

We affirm defendant's convictions, but vacate the court's restitution order and remand for correction of the restitution award consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

---

[4] The record shows the victim paid defendant the following amounts: $700 on December 1, 2017; $3,000 on December 4, 2017; $3,700 on December 6, 2017; and $5,000 on December 19, 2017. The sum of these payments is $12,400, and includes the $2,700 for work around the window.